UNITED STATES of America, Appellee,

v.

Douglas Scott HUBER, Appellant.

UNITED STATES of America, Appellee,

v.

Daniel Thomas BRADSHAW,
Sr., Appellant.

Nos. 93–1662, 93–1664.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 18, 1993.

Decided Aug. 24, 1993.

Rehearing and Suggestion for Rehearing
En Banc Denied Oct. 1, 1993.

Dorothy Danforth, St. Louis, MO, argued, for appellant in No. 1662.

Alan Koshner, St. Louis, MO, argued, for appellant in No. 1664.

Edward Rogers, Asst. U.S. Atty., St. Louis, MO, argued, for appellee.

Before FAGG, WOLLMAN, and HANSEN, Circuit Judges.

FAGG, Circuit Judge.

Douglas Scott Huber and Daniel Thomas Bradshaw, Sr., appeal their convictions for using a firearm in connection with a drug trafficking crime. *See* 18 U.S.C. § 924(c) (1988). Bradshaw also appeals his conviction for conspiracy to possess with intent to distribute cocaine. *See* 21 U.S.C. §§ 841(a)(1), 846 (1988). We affirm.

The facts are not complicated. Huber negotiated the purchase of cocaine from a California drug dealer. Unbeknownst to Huber, the drug dealer received immunity for arranging the purchase at a St. Louis motel with a police officer posing as the supplier. Huber and Bradshaw were driven to the motel in a friend's truck. On the way, Bradshaw removed a loaded handgun from his gym bag, which also contained $102,000 in

cash. Bradshaw wedged the gun between the driver's seat and the console, remarking "I ain't going to need this." Huber and Bradshaw then entered the motel, leaving the driver and handgun in the truck. Huber and Bradshaw were arrested after Bradshaw displayed the cash to the undercover officer.

■ Huber and Bradshaw contend the evidence is insufficient to support the jury's § 924(c) verdicts. We disagree. Although Huber and Bradshaw chose to enter the motel without the gun, the record is clear they had a readily accessible handgun to guard the cash en route to the motel, to facilitate their departure from the motel in an emergency, and to protect the cocaine after they left the motel. Under our cases, this evidence is sufficient to support Huber's and Bradshaw's convictions. *See United States v. Edwards*, 994 F.2d 417, 421 (8th Cir.1993); *United States v. Boykin*, 986 F.2d 270, 274 (8th Cir.1993); *United States v. Watson*, 953 F.2d 406, 409 (8th Cir.1992); *United States v. LaGuardia*, 774 F.2d 317, 321 (8th Cir.1985).

■ Bradshaw also contends the district court committed error when it admitted taped telephone conversations between Huber and the California drug dealer and the police officer posing as the supplier. Under Federal Rule of Evidence 801(d)(2)(E), a co-conspirator's statements made during the course of and to further the conspiracy are not hearsay. *See Bourjaily v. United States*, 483 U.S. 171, 173, 181, 107 S.Ct. 2775, 2777, 2781, 97 L.Ed.2d 144 (1987); *Edwards*, 994 F.2d at 421. Briefly, the challenged conversations showed Huber planned to participate with others in the drug transaction and included Huber's negotiations to purchase the cocaine. At the motel, Bradshaw displayed knowledge of Huber's earlier negotiations. Bradshaw also handled the cash that would be exchanged for the cocaine. On this evidence, the district court justifiably found that Bradshaw was in a conspiracy with Huber and Huber's statements were made during and in furtherance of the conspiracy. The district court thus properly admitted the taped conversations.

■ Bradshaw also contends the district court committed error by admitting evidence

that he had an expensive boat several years before his involvement in the charged conspiracy. Even if we agree with Bradshaw that the evidence was erroneously admitted, the admission of the evidence was harmless because there is overwhelming evidence of Bradshaw's guilt. *See United States v. Donahue*, 948 F.2d 438, 442 (8th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1600, 118 L.Ed.2d 314 (1992).

Accordingly, we affirm.