# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-3048

_____

Daniel T. Bradshaw, Sr.,      *

       *

      Appellant,     *

       *    Appeal from the United States

    v.             *    District Court for the

       *    Eastern District of Missouri.

United States of America,    *

       *

      Appellee.      *

_____

Submitted:  June 10, 1998

Filed: August 20, 1998

_____

Before WOLLMAN and MURPHY, Circuit Judges, and KYLE,[1] District Judge.

_____

WOLLMAN, Circuit Judge.

Daniel T. Bradshaw appeals from the district court's[2] judgment and order denying his 28 U.S.C. § 2255 petition for postconviction relief.  We affirm.

_____

[1]The HONORABLE RICHARD H. KYLE, United States District Judge for the District of Minnesota, sitting by designation.

[2]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

# I.

In June of 1992, Douglas Scott Huber was the target of surveillance by the Drug Enforcement Administration (DEA) for suspicion of conspiracy to distribute cocaine in St. Louis, Missouri. On June 16, an undercover officer telephoned Huber and informed him that he would be traveling to St. Louis shortly thereafter with a delivery of ten kilograms of cocaine that Huber had earlier agreed to purchase. Two days later, the officer telephoned Huber again and told him that he had arrived in the city. Huber agreed to meet him at a local motel to complete the transaction.

During that same time, DEA agents observed Bradshaw and William Langendorf arrive at Huber's place of business in a Ford Bronco. Bradshaw got out of the vehicle and entered the building. Langendorf, the driver, remained outside. Shortly after Huber ended his phone call with the undercover officer, Huber and Bradshaw exited the building and departed in the Bronco with Langendorf. As the three neared their destination, Bradshaw opened the gym bag he had brought with him and removed a loaded .44 magnum revolver. Bradshaw then said, "I ain't going to need this," and wedged the gun between the driver's seat and the console.

When they arrived at the motel, Bradshaw, carrying the gym bag, and Huber got out of the Bronco and went to the room to which the undercover officer had directed Huber. The officer met them at the door and let them in. Bradshaw opened the bag and displayed $102,000 in cash. He stated that he and Huber wanted to purchase six kilograms of cocaine at that time and another four kilograms the following day. After the exchange occurred, Bradshaw and Huber were arrested.

Both Bradshaw and Huber were charged with one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 and one count of carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). The indictment of Bradshaw on the firearm count charged that he "knowingly used and

carried" a firearm in violation of section 924(c)(1). Bradshaw and Huber were tried together. The jury instructions on the firearm charge, to which Bradshaw made no objection, stated:

> The phrase "uses or carries a firearm" means having a firearm, or firearms, available to assist or aid in the commission of the crime alleged in Count I of the indictment.
>
> In determining whether a defendant used or carried a firearm, you may consider all of the factors received in evidence in the case including the nature of the underlying drug trafficking crime alleged, the proximity of the defendant to the firearm in question, the usefulness of the firearm to the crime alleged, and the circumstances surrounding the presence of the firearm.
>
> The government is not required to show that the defendant actually displayed or fired the weapon. The government is required, however, to prove beyond a reasonable doubt that the firearm was in the defendant's possession or under the defendant's control at the time that a drug trafficking crime was committed.

Instruction No. 17. The jury convicted Bradshaw and Huber on both the drug conspiracy and firearm counts.

Bradshaw was sentenced to 121 months in prison for the conspiracy and a consecutive 60-month sentence on the firearm charge. His sentence also included five years of supervised release and a $100 special assessment. We affirmed his convictions on direct appeal. See United States v. Huber, 2 F.3d 304 (8th Cir. 1993).

Bradshaw filed this petition seeking to have the district court vacate his conviction on the firearm charge in light of the Supreme Court's decision in Bailey v. United States, 516 U.S. 137, 143 (1995). He also filed a motion for an evidentiary

hearing.  After reviewing the parties' records and briefs, the court denied the petition without a hearing.

## II.

We review the district court's dismissal of Bradshaw's 28 U.S.C. § 2255 petition for postconviction relief de novo.  See United States v. Duke, 50 F.3d 571, 576 (8th Cir. 1995).

Section 924(c)(1) of Title 18 provides, in pertinent part:

> Whoever, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime which provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which he may be prosecuted in a court of the United States, uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years . . . .

18 U.S.C. § 924(c)(1) (Supp. 1998).

In Bailey, the Supreme Court held that a conviction under section 924(c)(1) for "use" of a firearm during and in relation to a drug trafficking crime requires evidence sufficient to show "active employment" of the firearm by the defendant.  516 U.S. at 143 (1995).  "The language of § 924(c)(1), supported by its history and context, compels the conclusion that Congress intended 'use' in the active sense of 'to avail oneself of.'"  Id. at 150.  Thus, "[t]o sustain a conviction under the 'use' prong of § 924(c)(1), the Government must show that the defendant actively employed the firearm during and in relation to the predicate crime."  Id.

In Muscarello v. United States, 118 S. Ct. 1911 (1998), the Court held that a conviction may be supported under the "carry" prong of section 924(c)(1) when a person "knowingly possesses and conveys firearms in a vehicle, including in the locked glove compartment or trunk of a car, which the person accompanies." Id. at 1913-14.[3]

Bradshaw contends that since he did not actively employ his revolver during or in relation to his underlying drug trafficking crime, he could not have been properly convicted for "use" of his firearm in connection with that offense in light of the holding in Bailey. Thus, he claims that he was prejudiced by the jury instructions, which erroneously defined "uses" and "carries" interchangeably.

In response, the government concedes that the jury instruction regarding the "use" prong of section 924(c)(1) constituted plain error under Bailey, but argues that the error was harmless and did not affect Bradshaw's substantial rights.[4]

---

[3]Prior to Muscarello, we had held that "transporting a firearm in the passenger compartment of a vehicle satisfies the 'carry' prong of section 924(c)." United States v. Willis, 89 F.3d 1371, 1378 (8th Cir.), cert. denied, 117 S. Ct. 273 (1996) (citing United States v. Freisinger, 937 F.2d 383, 387 (8th Cir. 1991)).

[4]The government also contends that Bradshaw's argument is procedurally defaulted because of his failure to object to the jury instructions at trial. We have held in similar circumstances, however, that a Bailey issue is properly raised on a petition for postconviction relief when the petitioner has challenged the sufficiency of the evidence on his section 924(c)(1) conviction on direct appeal. See, e.g., United States v. Behler, 100 F.3d 632, 638-39 (8th Cir. 1996), cert. denied, 118 S. Ct. 152 (1997); United States v. Herron, 97 F.3d 234, 237 n.4 (8th Cir. 1996), cert. denied, 117 S. Ct. 998 (1997); Willis, 89 F.3d at 1378 n.3. Because Bradshaw challenged the sufficiency of the evidence on his section 924(c)(1) conviction on direct appeal, see Huber, 2 F.3d at 305, we will consider his argument and review for plain error affecting his substantial rights. See United States v. Aikens, 132 F.3d 452, 455 (8th Cir. 1998).

Bradshaw's underlying crime was conspiracy to distribute cocaine. He was, as Huber described him, the conspiracy's "money man." In furtherance of the conspiracy, he loaded the gun with ammunition and brought it with him to Huber's place of business when summoned to participate in an imminent drug transaction. In furtherance of the conspiracy, he used the weapon to safeguard the large amount of cash he was carrying as he and the others transported it to the motel to purchase cocaine. When he arrived at the motel, he removed the weapon from the gym bag where it had been concealed, brandished it to his cohorts so that they were aware of it, and wedged it between the seat and console next to Langendorf where it would be available for immediate protective use. It is beyond any doubt, then, that Bradshaw "carried" his .44 magnum revolver "during and in relation to" his participation in the conspiracy within the meaning of section 924(c)(1). See Muscarello, 118 S. Ct. at 1913-14; United States v. Summers, 137 F.3d 597, 600-01 (8th Cir. 1998) (discussing section 924(c)(1) in context of criminal conspiracy).[5]

Bradshaw also asserts that Behler provides support for his contention that the instructional error was not harmless. 100 F.3d at 639. In that case, however, the instructions to the jury erroneously defined the term "used," while failing to define the term "carry." Id. Here, the two terms were defined interchangeably in an instruction that was in accord with the Supreme Court's pronouncements in Muscarello regarding the "carry" prong of section 924(c)(1). In Behler's case, the gun in question was found in his residence, and the testimony of two of his girlfriends was the only evidence that would have supported a finding that he had "carried" the weapon within the meaning of section 924(c). See United States v. Behler, 14 F.3d 1264 (8th Cir. 1994). Thus, the possibility that the jury might have found Behler guilty of only the "use" prong of section 924(c) was so substantial that it warranted granting him relief under Bailey. In

---

[5]Bradshaw's argument that the "carry" prong of section 924(c)(1) requires the weapon to have been "immediately accessible" was laid to rest in Muscarello. See 118 S. Ct. at 1919.

the present case, however, the jury could not have found that Bradshaw had "used" the weapon within the meaning of the court's instruction without also finding that he had "carried" it.

Thus, because the evidence overwhelmingly supported Bradshaw's conviction for having "carried" a firearm "during and in relation to" his conspiracy to distribute cocaine, he was not prejudiced by any instructional error, and his substantial rights have not been affected. See Aikens, 132 F.3d at 455; 18 U.S.C. § 924(c)(1). Accordingly, the district court correctly denied Bradshaw's petition.

**III.**

Bradshaw also contends that the district court erred in denying his request for an evidentiary hearing. 28 U.S.C. § 2255. In considering the court's denial of a hearing, we review conclusions of law, as well as mixed questions of law and fact, de novo. See Holloway v. United States, 960 F.2d 1348, 1351 (8th Cir. 1992). "We review the district court's decision as to whether an evidentiary hearing is necessary to determine factual contentions for an abuse of discretion." Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995).

Bradshaw has not asserted the existence of any factual disputes to be resolved or any new evidence which might be developed at an evidentiary hearing. Our de novo review satisfies us that the district court was correct in concluding that the motions, files, and records conclusively demonstrated that Bradshaw was not entitled to relief under Bailey. See Duke, 50 F.3d at 576; 28 U.S.C. § 2255. The court therefore did not err in declining to afford him an evidentiary hearing.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.