*United States v. Karimbux*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of January, two thousand twenty-five.

Present:
> MICHAEL H. PARK,
> STEVEN J. MENASHI,
> MARIA A. KAHN,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

v.                                                          23-7035

CHRIS KARIMBUX,

> *Defendant-Appellant.†*

---

FOR APPELLEE:                   Susan Corkery and Joshua Dugan, Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, New York, NY.

FOR DEFENDANT-APPELLANT:        James M. Branden, Law Office of James M. Branden, Staten Island, NY.

---

† The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Chen, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that this appeal is **DISMISSED** as moot.

On July 15, 2016, Chris Karimbux was convicted for conspiracy to distribute and to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(B).   He was sentenced to 70 months' imprisonment, four years of supervised release, and a special assessment of $100.   On August 24, 2023, the district court revoked his supervised release under 18 U.S.C. § 3583(g) for possession of a controlled substance.   Karimbux was sentenced to a prison term of 12 months and one day, to be followed by a five-year term of supervised release**.**   He was released from prison on June 7, 2024, and is now serving his term of supervised release.   On appeal, Karimbux argues that the sentence imposed by the district court was substantively unreasonable.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"Article III, Section 2 of the United States Constitution limits the federal judicial power to 'cases' and 'controversies.'"   *United States v. Blackburn*, 461 F.3d 259, 261 (2d Cir. 2006) (quoting U.S. Const. art. III, § 2).   "This 'case-or-controversy limitation . . . underpins both our standing and our mootness jurisprudence.'"   *Id.* (quoting *Friends of the Earth v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180 (2000)).   Generally, we must dismiss a case "if an event occurs during the course of the proceedings or on appeal 'that makes it impossible for the court to grant any effectual relief whatever to a prevailing party.'"   *Id.* (quoting *United States v. Quattrone*, 402

F.3d 304, 308 (2d Cir. 2005)).   A criminal defendant's sentencing challenge is "rendered moot when the defendant has been released from prison and when there is either no possibility or only a remote and speculative possibility that the district court could or would impose a reduced term of supervised release were we to remand for resentencing."   *United States v. Key*, 602 F.3d 492, 494 (2d Cir. 2010) (cleaned up).

Here, Karimbux has been released from prison for over six months, and the possibility that the district court would impose a reduced term of supervised release is "remote, at best."   *United States v. Chestnut*, 989 F.3d 222, 225 (2d Cir. 2021).   Indeed, the sentencing transcript "reveals the court's desire to keep as close an eye on [Karimbux] as possible" after his release from prison. *Blackburn*, 461 F.3d at 262.   The district court explained that it "want[ed] to make sure that Mr. Karimbux is monitored for a significant period of time," especially considering his conduct while previously under supervision.   A-38.   It is thus "only a remote and speculative possibility" that the district court would terminate or reduce the length of Karimbux's term of supervised release.

For the foregoing reasons, we **DISMISS** this appeal as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3