_____

No. 95-3810
_____

United States of America,             *
                                      *
          Plaintiff-Appellee,         *   Appeal from the United States
                                      *   District Court for the
     v.                               *   District of Nebraska.
                                      *
John D. Behler,                       *
                                      *
          Defendant-Appellant.        *


_____

                Submitted:  April 8, 1996

                  Filed:  November 18, 1996
                     _____

Before McMILLIAN, BEAM, and HANSEN, Circuit Judges.
                     _____


HANSEN, Circuit Judge.

     John D. Behler appeals his sentence after remand following his
conviction of four counts of federal drug trafficking crimes.  In his first
appeal, we affirmed Behler's convictions but remanded for resentencing on
three counts.  See United States v. Behler, 14 F.3d 1264, 1273 (8th Cir.),
cert. denied, 115 S. Ct. 419 (1994).  On remand, the district court held
a resentencing hearing and imposed a new sentence on those counts.  Behler
appeals, contending that the district court improperly restricted the scope
of the resentencing hearing, erred in its determination of the type of
methamphetamine involved in the conspiracy and distribution scheme, and
failed to fully apply the proper Sentencing Guidelines.  Behler also
contends that we should reverse his conviction for violating 18 U.S.C.
§ 924(c) (1988) (the firearms count), in light of the

Supreme Court's recent decision in <u>Bailey v. United States</u>, 116 S. Ct. 501 (1995). We affirm in part and remand in part.

## I.

From March 1, 1984, through May 16, 1989, John Behler was involved in a drug trafficking scheme. During that time, he made several trips to Colorado to purchase methamphetamine. Each time, he returned to Nebraska with one to two ounces of methamphetamine, which he distributed to various customers. Behler was tried by a jury and convicted of the following federal drug trafficking crimes: (I) conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846, extending from March 1, 1984, through May 16, 1989; (II) using or carrying a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c); (III) use of a telephone in furtherance of a drug felony in violation of 21 U.S.C. § 843(b); and (IV) distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1). <u>Behler</u>, 14 F.3d at 1267. At Behler's original sentencing, the district court grouped counts I, III, and IV together, imposing a 168-month concurrent sentence for each. The court also imposed a 60-month consecutive sentence for count II, the firearm charge.

In Behler's first appeal, we affirmed his convictions, his sentence on count II, and several sentencing determinations made by the district court. We vacated the sentences for counts I and IV and remanded them for resentencing, concluding that the sentence on these counts was harsher under the 1992 Guidelines in effect at the time of sentencing than it would be under the 1987 version of the Guidelines in effect at the time of the offense. <u>Behler</u>, 14 F.3d at 1271. The 1992 Guidelines provided alternate methods of determining a base offense level for a given quantity of methamphetamine -- using either the weight of the substance or mixture containing the methamphetamine or the actual weight of only the methamphetamine itself, whichever results in the greatest

2

offense level.  Id. at 1271.  By contrast, the 1987 version of the Guidelines provided only one manner of calculating quantity, and this method would have produced a lesser base offense for Behler.  Id.  Thus, we remanded for resentencing of these counts under the 1987 Guidelines. We also vacated the sentence for count III and remanded it for resentencing, concluding that the 168-month term of imprisonment, which resulted from grouping the closely related counts, exceeded the statutory maximum term of imprisonment for that offense.  Id. at 1273 n.6.  We affirmed the district court's use of the preponderance of the evidence standard of proof to determine the drug quantity involved in the conspiracy.  Id. at 1272.  We affirmed the district court's reliability determinations relating to witnesses whose testimony the district court relied on in determining the amount of methamphetamine involved in the drug conspiracy.  Id. at 1273.  We also affirmed the district court's imposition of a three-level enhancement for Behler's role in the offense and a two-level enhancement for obstructing justice.  Id.  Finally, we found no error in the district court's ex parte discussion with the probation officer during sentencing or the procedure of sealing the probation officer's recommendation.  Id.

On remand, the district court determined that our opinion precluded it from revisiting the quantity determination (399 grams), the role in the offense determination, the obstruction of justice enhancement, and the issues involving the ex parte discussion with the probation officer and sealing of the probation officer's recommendation.  The district court held resentencing hearings to allow both sides to present evidence concerning the type of methamphetamine involved in the conspiracy and distribution scheme and found by a preponderance of the evidence that the entire amount consisted of dextro-methamphetamine (d-methamphetamine).  The district court rejected Behler's challenge to the five-year term of supervised release.  Applying the 1987 Sentencing Guidelines, the district court imposed a sentence of 108 months to

3

run concurrently on counts I and IV, and a concurrent term of 48 months on count III. Behler appeals.

## II.

Behler's arguments on appeal challenge the district court's interpretation of our prior opinion and application of the Sentencing Guidelines on resentencing. When reviewing a sentence, we review the district court's factual findings for clear error and "give due deference to the district court's application of the guidelines to the facts." 18 U.S.C. § 3742(e); United States v. McKinney, 88 F.3d 551, 556 (1996).

## A.

Behler asserts that because we "vacated" his sentence on counts I and IV, he should have been allowed a fresh opportunity to present any evidence and argument on the enhancements or the quantity of methamphetamine attributed to him. "Once a sentence has been vacated or a finding related to sentencing has been reversed and the case has been remanded for resentencing, the district court can hear any relevant evidence on that issue that it could have heard at the first hearing." United States v. Cornelius, 968 F.2d 703, 705 (8th Cir. 1992). On remand, however, "all issues decided by the appellate court become the law of the case," United States v. Bartsh, 69 F.3d 864, 866 (8th Cir. 1995), and the sentencing court is bound to proceed within the scope of "any limitations imposed on its function at resentencing by the appellate court." Cornelius, 968 F.2d at 705.

In our prior opinion, we vacated Behler's sentence on counts I and IV because we determined that it was harsher under the 1992 Guidelines in effect at the time of sentencing, which the district court used to determine Behler's sentence, than it would have been under the 1987 Guidelines in effect at the time of the offenses.

4

See <u>United States v. Bell</u>, 991 F.2d 1445, 1452 (8th Cir. 1993) (holding that an ex post facto violation occurs "if the defendant is sentenced under the Guidelines in effect at the time of sentencing when those Guidelines produce a sentence harsher than one permitted under the Guidelines in effect at the time that crime is committed.")  Thus, we instructed, "we remand those counts for resentencing consistent with <u>United States v. Bell</u> and this opinion."  <u>Behler</u>, 14 F.3d at 1273.  In the opinion, we found no error in and specifically affirmed the district court's quantity determination and the enhancements imposed for role in the offense and obstruction of justice.  <u>Id.</u> at 1272-73.

Before resentencing Behler, the district court issued an order detailing the scope of the resentencing hearing.  The court concluded that resentencing under the 1987 Guidelines should proceed as follows:

> (1) using the determination of the amount of methamphetamine involved in the conspiracy, as found at the time of the original sentencing, (2) imposing a three-level enhancement for the defendant's role in the offense, (3) imposing a two-level enhancement for obstruction of justice, and (4) leaving undisturbed the conclusion that the matters of the discussion in chambers during the sentencing hearing and the sealing of the recommendation of the probation officer were without error. Other than that, there are no limitations imposed by the circuit court's opinion and I am at liberty and the parties are at liberty to proceed with the resentencing as if no sentencing had taken place on Counts I, III, and IV.

(Appellant's Addend. at 4.)  We conclude that the district court properly interpreted our opinion and properly limited the scope of resentencing in this case in accordance with our instructions.

**B.**

At resentencing, the district court held an evidentiary hearing requiring the government to prove what type of methamphetamine should be attributed to Behler. Both the government and Behler presented expert testimony. The government tested only about 4.5 grams (the amount seized) of the total 399 grams attributed to Behler. This 4.5 gram amount, Behler concedes, tested to be d-methamphetamine. The district court found that it was more probable than not that the entire amount was d-methamphetamine. Behler challenges the district court's finding, asserting that, except for the amount seized at the time of Behler's arrest, the drugs were not d-methamphetamine but a mixture of dextro-levo-methamphetamine (d,l-methamphetamine).

Under the Sentencing Guidelines, d-methamphetamine is sentenced more harshly than l-methamphetamine, and "the government must prove that the methamphetamine attributed to the defendant is more likely than not d-methamphetamine." United States v. Jennings, 12 F.3d 836, 838 & n.3 (8th Cir. 1994); see USSG § 2D1.1. When the government seizes and tests an amount of a controlled substance that is less than the whole for which the defendant is responsible, the sentencing court is permitted to infer from these samples that the whole quantity attributable to the defendant contained the same substance. See United States v. Koonce, 884 F.2d 349, 353 n.5 (8th Cir. 1989). We will not reverse the district court's finding that the methamphetamine involved was more likely than not d-methamphetamine unless it is clearly erroneous. Jennings, 12 F.3d at 838.

In this case, the district court did not clearly err by concluding that the whole amount should be categorized and sentenced as d-methamphetamine. There is no evidence in this record that the substance was d,l-methamphetamine. Nonetheless, even assuming that the controlled substance was the mixture or

6

substance d,l-methamphetamine as Behler contends, there is no sentencing error because the calculation would not change.

In a note defining "Controlled Substances and Quantity," the 1987 Sentencing Guidelines provide as follows:

> The scale amounts for all controlled substances refer to the total weight of the controlled substance. Consistent with the provisions of the Anti-Drug Abuse Act, if any mixture of a compound contains any detectable amount of a controlled substance, the entire amount of the mixture or compound shall be considered in measuring the quantity. If a mixture or compound contains a detectable amount of more than one controlled substance, the most serious controlled substance shall determine the categorization of the entire quantity.

USSG § 2D1.1 n.* (Oct. 1987). Since d,l-methamphetamine is a mixture or substance containing both l-methamphetamine and the more serious substance of d-methamphetamine,[1] this more serious controlled substance determines the category of the whole quantity for sentencing purposes. See Decker, 55 F.3d at 1512-13 (holding d,l-methamphetamine is a mixture or substance the entire weight of which should be sentenced as d-methamphetamine). Accordingly, the district court did not clearly err in sentencing Behler under the provisions for d-methamphetamine.

---

[1]There is some dispute among the circuits concerning whether d,l-methamphetamine is merely a mixture of d-methamphetamine and l-methamphetamine or a separate, singular substance. Compare United States v. Carroll, 6 F.3d 735, 743 (11th Cir. 1993), cert. denied, 510 U.S. 1183 (1994) (noting there are three distinct forms of methamphetamine -- d-methamphetamine, l-methamphetamine, and d,l-methamphetamine), with United States v. Bogusz, 43 F.3d 82, 89 n. 10 (3d Cir. 1994), cert. denied, 115 S. Ct. 1812 (1995) (holding d,l-methamphetamine is not a separate compound but only a mixture of the two). We find this dispute to be immaterial to our analysis for reasons explained above and by other courts. See United States v. Decker, 55 F.3d 1509, 1512 & n.7, 1513 (10th Cir. 1995); see also United States v. Watkins, 912 F. Supp. 417, 418-20 (E.D. Ark. 1996).

## C.

Behler argues that the district court's refusal to reconsider the quantity determination violated the Ex Post Facto Clause of the Constitution. Specifically, Behler contends that he should be attributed a lesser quantity determination on the distribution and conspiracy charges because, under the 1987 Guidelines, the district court would have been free to consider his state of mind and thus to disregard amounts of methamphetamine that he purchased for or diverted to his own personal use. Behler also contends that he would have received more favorable rulings with respect to the sentencing enhancements under the 1987 Guidelines, but the district court erroneously refused to reconsider them on remand.

Behler did not raise these ex post facto arguments in his first appeal. Our determination in the first appeal that there was no error in the district court's calculation of the quantity attributable to Behler or with respect to the sentencing enhancements is now the law of the case. See Bartsh, 69 F.3d at 866. Furthermore, even if the district court should have considered Behler's state of mind and did not, this would not have affected the drug quantity determination in this particular case.

Behler is correct in his assertion that the 1987 Guidelines required generally, that "[t]o determine the seriousness of the offense conduct," the sentencing court must consider "the defendant's state of mind or motive in committing the offense of conviction." USSG § 1B1.3(a)(2) (Oct. 1987). This scienter requirement was subsequently eliminated from the Guidelines. See United States v. Lam Kwong-Wah, 924 F.2d 298, 304 (D.C. Cir. 1991). The quantity determination in this case, however, was derived solely from Behler's own purchases. Behler's state of mind cannot yield a quantity determination in conflict with his own conduct. He made the trips to Colorado, he purchased the methamphetamine, and he brought it back to Nebraska to distribute it. See Behler,

14 F.3d at 1266-67. In other words, Behler was not held accountable for any quantities of methamphetamine that were brought to the conspiracy by some other conspirator, unknown or unforeseeable to Behler.

Behler contends, however, that amounts he diverted to his own personal use were not intended for distribution and for this reason should not have been counted in the quantity determination. We disagree. While Behler's purchases for personal use may not be sufficient to establish that he was a member of the conspiracy, once the conspiracy and his membership in it has been established (as in this case), then those amounts are relevant to determining the quantity of controlled substances that the defendant knew the conspiracy distributed. United States v. Fregoso, 60 F.3d 1314, 1328 (8th Cir. 1995) (citing United States v. Innamorati, 996 F.2d 456, 492 (1st Cir.), cert. denied, 510 U.S. 955 (1993)). We conclude that there is no ex post facto violation in the district court's quantity determination.

We have already concluded that the district court did not err by refusing to reconsider the Guideline enhancements for role in the offense or obstructing justice. In any event, Behler has given no indication how the 1987 Guidelines would have changed the district court's application of the role-in-the-offense enhancement or our affirmance of this issue in the first appeal. As to the obstruction of justice enhancement, Behler contends that the 1987 Guidelines would have given him the benefit of the following favorable standard: "suspect testimony and statements should be evaluated in a light most favorable to the defendant." USSG § 3C1.1, comment. (n.2) (Oct. 1987). Under the Guidelines applicable at the time of his original sentencing, the commentary stated, "false testimony or statements by the defendant . . . should be evaluated in a light most favorable to the defendant." USSG § 3C1.1, comment. (n.1) (Nov. 1992). While there was undoubtedly a change in this guideline, the change does not affect

Behler because he would not have been entitled to this standard under either version of the Guidelines. The standard enunciated in this commentary applies when a defendant has given false or suspect <u>statements</u> or <u>testimony</u>. We have held that this commentary simply does not apply to a situation where the defendant is charged with obstructing justice by threatening a witness. <u>See</u> <u>United States v. Capps</u>, 952 F.2d 1026, 1029 (8th Cir. 1991) (holding this commentary does not apply when the alleged obstruction consists of threats against witnesses rather than testimony or statements), <u>cert.</u> <u>denied</u>, 504 U.S. 990 (1992). Accordingly, Behler's ex post facto argument fails on the enhancements as well.

**D.**

Behler also contends that the district court erred by sentencing him to five years of supervised release and not applying the 1987 Guidelines for the supervised release determination. The October 1987 supervised release guideline designates only a three-year term of supervised release "for a defendant convicted of a Class A or B felony." USSG § 5D3.2(b)(1). In December 1987, however, Congress amended this by public law to provide for a five-year term of supervised release for a Class A or B felony, and the Guidelines reflected this change by January 15, 1988.

While we generally adhere to a "one book" rule in applying the Guidelines, <u>United States v. Cooper</u>, 63 F.3d 761, 762 (8th Cir. 1995), <u>cert.</u> <u>denied</u>, 116 S. Ct. 1548 (1996), as Behler urges us to do, we cannot do so with a blind eye to an existing statutory amendment that lengthens the sentence. The 1987 Guidelines provide that "[i]f application of the guidelines results in a sentence below the minimum sentence required by statute, the statutory minimum shall be the guideline sentence." USSG § 5G1.1(b). The congressional enactment, effective while Behler's crime was still occurring, trumps the written Guidelines in effect at the time. <u>See</u> <u>United States v. Stoneking</u>, 60 F.3d 399, 402 (1995) (en banc),

10

cert. denied, 116 S. Ct. 926 (1996).  Accordingly, we reject Behler's argument that he should only receive a three-year term of supervised release.

## III.

Finally, Behler contends that his conviction on the firearms count, 18 U.S.C. § 924(c), should be vacated in light of Bailey v. United States, 116 S. Ct. 501 (1995), decided by the Supreme Court after Behler's resentencing but before this appeal.  We must first determine whether the issue is properly before us in this appeal.  We conclude that it is.

Our cases indicate that in situations where the defendant was tried and sentenced before the Supreme Court decided Bailey, the Bailey issue is properly preserved for our direct appeal review only where the issue was raised in some way at trial or where the defendant's initial brief argued that the firearms conviction was in some way infirm.  See United States v. Herron, 97 F.3d 234, 237 n.4 (8th Cir. 1996) (issue properly raised in initial appeal brief); United States v. Willis, 89 F.3d 1371, 1378 n.3 (8th Cir.) (issue properly raised by challenging the sufficiency of the evidence on 924(c) conviction), cert. denied, 117 S. Ct. 273 (1996); United States v. Webster, 84 F.3d 1056, 1065 n.6 (8th Cir. 1996) (issue properly raised in initial appeal brief); United States v. McKinney, 79 F.3d 105, 109 (8th Cir. 1996) (not preserved because defendant did not challenge § 924(c) instruction or our previous cases at trial, and initial appeal brief did not argue that firearms conviction was in any way infirm).

In Behler's initial direct appeal, he challenged the sufficiency of the evidence on his § 924(c) conviction.  We fully considered his argument and held that the evidence was "more than sufficient" to support his conviction on the firearms count.  Behler, 14 F.3d at 1271.  After affirming both his conviction and

11

his sentence on the § 924(c) count, we remanded for resentencing on only those sentencing issues discussed above. The firearms count was not subject to further litigation on resentencing. Two months after Behler's resentencing, however, the Supreme Court decided Bailey. Behler then raised the Bailey issue in his resentencing appeal brief which was his first opportunity to connect the Bailey issue to his previously raised sufficiency of the evidence challenge to the § 924(c) conviction. In this unusual circumstance, we conclude that Behler properly preserved the issue.[2]

The district court instructed the jury that it could find the defendant guilty of the firearms count if the defendant either "carried" or "used" the firearm and "the carrying or use of the firearm was during and in relation to" the drug trafficking crime. (Appellant's Reply Br. at 4.) The court separately defined the phrase "used a firearm" to mean "having a firearm available to aid in the commission of the crime." (Id.) The court did not separately define the term "carry." Because Behler did not object to this instruction as given, we may reverse only if the district court committed plain error under the law as it exists at the time of this appeal. Webster, 84 F.3d at 1066-67. See also United States v. Olano, 507 U.S. 725 (1993) (plain error standard).

---

[2]Our affirmance of Behler's § 924(c) conviction in his initial appeal became the law of the case. "Under this doctrine, a decision in a prior appeal is followed in later proceedings unless a party introduces substantially different evidence, or the prior decision is clearly erroneous and works a manifest injustice." Bartsh, 69 F.3d at 866 (internal quotations omitted). We decline to apply the law of the case doctrine to this issue because we determine that to do so would be clear error and would work a manifest injustice in light of the current law as enunciated by the Supreme Court in Bailey. The "`law of the case' doctrine does not apply when an intervening decision from a higher tribunal renders a prior determination erroneous." Uhl v. Swanstrom, 79 F.3d 751, 755 (8th Cir. 1996).

The government concedes that the district court's instruction defining the phrase "used a firearm" amounts to plain error. The government argues, however, that the error is harmless beyond a reasonable doubt because the jury was also instructed that the defendant may be found guilty of carrying a firearm.

The failure to define "carry," a term with a plain and clear meaning, is not error. We have held that where the defendant fails to offer an instruction defining "carry," "the ordinary meaning of the word should apply." Willis, 89 F.3d at 1378. We have listed the various dictionary definitions of "carry," see United States v. White, 81 F.3d 80, 83 (1996), and we need not reiterate them here. Nevertheless, because we do not know whether the jury agreed to convict Behler for "using" a firearm or for "carrying" a firearm, we cannot say that the instructional error is harmless in this case.[3] The record does not demonstrate that Behler engaged in active employment of a firearm, which is how Bailey defines "use." We conclude that the plain error in this case affected Behler's substantial rights, because "[t]he instruction as given was erroneous with regard to an essential element of the crime, that is, the definition of `use.'" United States v. Caldwell, No. 95-3701, 1996 WL 566842 at *5 (8th Cir. Oct. 7, 1996).

There is sufficient evidence in the record to satisfy the carry prong of § 924(c). In our prior opinion, we stated as follows: "Wiegert and Houston both testified that Behler always carried a .44 magnum handgun with him on the trips to Colorado and everywhere else he went with the drugs. Weigert stated that Behler called the gun `his protection.'" Behler, 14 F.3d at 1270-71. Weigert and Houston also testified that Behler either carried the gun hidden in his coat pocket, see White, 81 F.3d at 83 (holding

_____

[3]Unlike White, where the defendant was convicted only on the "carry" prong, here the defendant's indictment charged both methods, and the single instruction submitted both alternatives but was defective as to the "use" alternative.

13

that to bear a firearm on or about one's person satisfies the "carry" prong); or had it in his car when he went to Colorado to purchase the methamphetamine, see Willis, 89 F.3d at 1379 (transporting firearms in a passenger compartment of vehicle loaded with controlled substances satisfies the "carry" prong); United States v. Freisinger, 937 F.2d 383, 387 (8th Cir. 1991) (same).  We are satisfied that the record contains sufficient evidence from which a properly instructed jury could have convicted Behler under the "carry" prong of § 924(c).  Accordingly, we reverse the conviction on the § 924(c) count for instructional error and remand count II for a new trial consistent with this opinion.  Should the government decide to dismiss count II to avoid another trial or if the defendant is acquitted on this count, we provisionally vacate the sentence on the drug counts (I and IV) so that the district court may consider whether Behler's sentence on the drug counts should be enhanced under USSG § 2D1.1(b)(1) (Oct. 1987).  See Caldwell, 1996 WL 566842, at *7.  If the defendant is convicted of count II on remand, the sentence on counts I and IV is affirmed.

**IV.**

We have considered Behler's remaining arguments and find them to be without merit.  Accordingly, we reverse and remand on count II, and we otherwise affirm the judgment of the district court, except to the extent it may be necessary for the district court to resentence on counts I and IV as provided above.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

14