# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 98-2993

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| John D. Behler, | * | |
| | * | |
| Appellant. | * | |
| | * | |
| | * | |
| | * | |

_____

Submitted: April 23, 1999
Filed: August 4, 1999

_____

Before BEAM and HANSEN, Circuit Judges, and MOODY,[1] District Judge.

_____

HANSEN, Circuit Judge.

This is Behler's third appeal of the sentence imposed upon him following his 1992 convictions on several drug trafficking charges. As a result of the most recent

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas, sitting by designation.

remand, the district court[2] imposed a two-level sentencing enhancement after finding that Behler possessed a firearm during the commission of his drug crimes. See U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (Oct. 1987). Behler argues that the district court erred by applying this enhancement, by not reopening all sentencing issues, and by ordering special conditions of supervised release. We affirm.

I.

The facts underlying Behler's drug trafficking convictions are fully set forth in our prior opinions. See United States v. Behler, 14 F.3d 1264, 1266-68 (8th Cir.) (Behler I), cert. denied, 513 U.S. 960 (1994); see also United States v. Behler, 100 F.3d 632, 634-35 (8th Cir. 1996) (Behler II), cert. denied, 118 S. Ct. 153 (1997). We summarize only those facts necessary to the present appeal. Behler was involved in substantial drug trafficking, typically acquiring methamphetamine in Colorado and selling it to people in Nebraska and Iowa. At trial, Linda Wiegert, one of Behler's former live-in girlfriends, testified that from 1984 to 1987, "Behler made numerous trips to Colorado to purchase methamphetamine," and that "he always kept a .44 magnum handgun with him at home and on the trips." Behler I, 14 F.3d at 1266. A subsequent live-in girlfriend, Nora Houston, similarly testified that during 1987 and later, Behler made many trips to Colorado to purchase methamphetamine and always carried a handgun with him. Id. Both witnesses testified that he then would deliver the drugs to a regular group of customers. Id. at 1270.

In May 1989, while monitoring his telephone calls, law enforcement officials learned that Behler planned to engage in a methamphetamine transaction at his residence. Law enforcement officers maintained surveillance of Behler's residence and following the methamphetamine sale, they arrested Behler and searched the residence.

---

[2]The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

Officers found, among other things, a loaded .44 magnum handgun and a small amount of methamphetamine.  Id. at 1266-67.  A federal indictment charged Behler with conspiracy to distribute methamphetamine (count I), use of a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c) (count II), use of a telephone in furtherance of a drug felony (count III), and distribution of methamphetamine (count IV).  A federal jury found Behler guilty on all four counts.  Id. at 1267.

In Behler's first appeal, we affirmed his convictions but remanded for resentencing on three of the four counts due to an ex post facto violation in the district court's application of the United States Sentencing Guidelines.  See

caution, however, the district court alternatively found that the originally imposed enhancements still were appropriate.  Behler appeals.

## II.
### A.

Behler argues that the vacation of his section 924(c) conviction unbundled his entire

was unaffected by such enhancements, its vacation merely provided an opportunity to consider a previously unavailable firearm enhancement to the sentence on the drug counts. The district court had no basis for revisiting issues previously decided both by it and by us regarding Behler's role in the offense or obstruction of justice.

Additionally, our prior opinion limited the scope of the remand. We expressly stated that we were provisionally vacating the drug convictions for one purpose: "so that the district court may consider whether Behler's sentence on the drug counts should be enhanced under USSG § 2D1.1(b)(1) (Oct. 1987)." Behler II, 100 F.3d at 640. The district court correctly interpreted our prior opinion and properly limited the scope of Behler's resentencing by considering only whether the drug counts should be enhanced due to Behler's possession of a firearm. In light of the law of the case and the limited language of our prior opinion, we decline to consider Behler's arguments relating to the propriety of enhancements based on his role in the offense or obstruction of justice.

B.

Behler argues that the district court erred in assessing a two-level sentencing enhancement pursuant to USSG § 2D1.1(b)(1). Basically, Behler contends that the government's witnesses were not credible and that the government failed to prove a nexus between his possession of a firearm and his drug activities. The district court's assessment of credibility, however, is virtually unreviewable, see United States v. Phelps, 168 F.3d 1048, 1057 (8th Cir. 1999), and we review for clear error the district court's finding that a weapon was sufficiently connected to the offense for purposes of USSG § 2D1.1(b)(1). See United States v. Belitz, 141 F.3d 815, 817 (8th Cir. 1998).

Section 2D1.1(b)(1) mandates a two-level increase to a defendant's base offense level if the defendant possessed a firearm or other dangerous weapon during the commission of the offense. Sentencing courts are required to apply this adjustment if

a weapon was present, "unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet." USSG § 2D1.1(b)(1), comment. (n.3) (Oct. 1987). Thus, we will sustain an enhancement pursuant to this specific offense characteristic if the government shows first "that the weapon was present and second, that it was not clearly improbable that the weapon had a nexus with the criminal activity." Brown v. United States, 169 F.3d 531, 532 (8th Cir. 1999) (internal quotations omitted).

Behler does not challenge the presence of a firearm, but he contends that it was only used for hunting purposes as his witnesses testified at the resentencing hearing. Although the district court credited the testimony of Behler's witnesses, their testimony is inapposite because they admitted they were not involved in Behler's drug dealing activities. Their testimony thus has no direct bearing on whether Behler carried a firearm in connection with his drug offenses. The government presented F.B.I. testimony of statements made by Behler's ex-wife, Joannie Behler Moore. She began living with Behler sometime before their marriage in 1989 and remained married to him until 1993. During their relationship, she traveled with Behler to Colorado on trips to purchase methamphetamine. She told F.B.I. Special Agent Humphrey that Behler carried a gun on those trips and usually kept it on the front seat of the car. The district court considered the similar trial testimony of Linda Wiegert and Nora Houston, Behler's prior live-in girlfriends, who said Behler always had a gun in the car on their trips to Colorado to purchase drugs. The district court also noted that on the day of Behler's arrest following a drug transaction at his residence, law enforcement officials found a gun in Behler's bedroom. Based on all of this evidence, the district court found that Behler had possessed a firearm during the commission of his crimes and imposed the two-level enhancement pursuant to USSG § 2D1.1(b)(1).

Having reviewed the record and the district court's memorandum, we see no reason to second-guess the district court's credibility assessments, and the district court

did not clearly err in finding that Behler possessed a firearm during the commission of his drug trafficking offenses. See, e.g., United States v. Hall, 171 F.3d 1133, 1153 (8th Cir. 1999) (holding that a § 2D1.1(b)(1) enhancement was supported by a loaded gun found in the closet of the defendant's bedroom); United States v. Darden, 70 F.3d 1507, 1547 (8th Cir. 1995) (holding that the enhancement was supported by a finding that the defendant carried a weapon in his car while selling or transporting drugs), cert. denied, 517 U.S. 1149 and 518 U.S. 1026 (1996). It was not clearly improbable that the firearm was connected with Behler's drug offenses.

## C.

Behler argues that the district court abused its discretion in formulating special conditions for his supervised release.[3] Specifically, Behler challenges three special terms: (1) the total prohibition on his purchase, use, or distribution of alcohol; (2) the requirement that he attend and complete any diagnostic evaluation, treatment, or counseling program for alcohol and/or controlled substances as directed by his probation officer; and (3) the requirement that he provide his probation officer with access to any requested financial information.

We afford sentencing judges wide discretion when imposing terms of supervised release. See United States v. Prendergast, 979 F.2d 1289, 1292-93 (8th Cir. 1992). The 1987 Guidelines state that in order to fulfill any authorized purpose of sentencing,

---

[3]As an aside, we note that the law of the case did not preclude the district court from imposing new terms of supervised release on remand. The district court is free to modify the terms of supervised release at any time after considering factors such as the nature and circumstances of the offense or the history and characteristics of the defendant. See United States v. Yankton, 168 F.3d 1096, 1098 n.6 (8th Cir. 1999) (noting "that 18 U.S.C. § 3583(e)(2) grants the district court flexibility to modify or reduce the terms of the supervised release at any time prior to the expiration of the period of supervised release").

a sentencing court may impose any condition that is "reasonably related to (1) the nature and circumstances of the offense, and (2) the history and characteristics of the defendant." USSG § 5D3.3(b) (Oct. 1987). In imposing any sentence, Congress requires the district court to consider the need for adequate deterrence to criminal conduct, to protect the public from further crimes of the defendant, and to provide the defendant with needed training or treatment. See 18 U.S.C. § 3553(a) (Supp. IV 1987); see also United States v. Prendergast, 979 F.2d 1289, 1292-93 (8th Cir. 1992). Finally, a special term of supervised release may not inflict a "greater deprivation of liberty than is reasonably necessary" to accomplish the purposes and policies set forth by Congress and the Sentencing Commission. 18 U.S.C. § 3583(d)(2), (3) (Supp. V 1988); accord Prendergast, 979 F.2d at 1293.

First, Behler argues that the restriction on the purchase or use of alcohol is not warranted because his offense did not involve alcohol, the record contains no evidence that he has ever abused alcohol, and the sentencing recommendation suggests a mere possibility of cross addiction. We have held that a sentencing court abuses its discretion by imposing a total alcohol ban in circumstances where the record evidence does not support such a restriction. See, e.g., United States v. Bass, 121 F.3d 1218, 1223-24 (8th Cir. 1997); Prendergast, 979 F.2d at 1292-93. In Prendergast, we found an abuse of discretion where the district court had imposed a total alcohol prohibition as a special term of supervised release following the defendant's conviction of a wire fraud offense. In that case, the record indicated that alcohol played no role in the offense, the fraud proceeds had not been used for any type of drug activity, and there was no evidence that Prendergast was in need of any substance abuse rehabilitation. Prendergast, 979 F.2d at 1292-93.

Relying on Prendergast, we also found an abuse of discretion where the district court imposed a total alcohol prohibition on a defendant convicted of a drug trafficking crime. See Bass, 121 F.3d at 1223-24. We noted that although the defendant had "used marijuana on a somewhat regular basis," there was no evidence that the

8

defendant was prone to alcohol abuse and the district court merely <u>assumed</u> that there might be a problem of cross addiction (replacing the marijuana use with alcohol abuse). <u>Id.</u> at 1224. We held that the district court abused its discretion by basing a total alcohol prohibition on nothing more than assumptions.

Behler's case presents a close question on this issue, but we believe his case is ultimately distinguishable from those listed above. Behler's crimes involved substantial drug trafficking of methamphetamine while possessing a firearm. His personal history includes years of substance abuse (admittedly from 1968 to 1989), consisting largely of methamphetamine abuse along with infrequent use of cocaine and LSD. Though he describes his use of alcohol as moderate, the evidence before the district court in the form of the probation officer's confidential sentencing recommendation, indicated that any use of alcohol would limit Behler's ability to maintain a drug-free lifestyle. (<u>See</u> Sent. Recommendation at 2, May 21, 1998) ("[A]ccording to the National Institute on Drug Abuse (1994), the use of any intoxicants, including alcohol, limits a recovering person's ability to maintain a drug-free lifestyle."). Additionally, the record indicates that any use of alcohol is inconsistent with the treatment philosophy of most substance abuse recovery programs nationwide. Thus, unlike the situation in <u>Bass</u> where we said the district court's reasoning was based on nothing more than an assumption, the record in the present case provided the necessary foundation for determining that any alcohol use would hinder the defendant's rehabilitation process.

To Behler's credit, we note that there is no indication that alcohol played any role in his offense, and his probation officer indicated that "there is no direct evidence that the defendant has ever abused alcohol." (Sent. Recomm. at 2, May 21, 1998.) He has no family history of alcohol abuse, no prior offenses resulting from the use of alcohol, and during his stay in prison since 1992, he has completed a substance abuse treatment program. Nevertheless, the district court was entitled to rely on the evidence of record indicating that an alcohol ban is necessary for Behler's total rehabilitation. This is consistent with the statutory goals of deterrence and protecting the public from future

offenses. Our prior case law limits the district court's discretion only insofar as the court imposes limitations on the basis of pure speculation or assumptions unrelated to the rehabilitative process. See Bass, 121 F.3d at 1224. Accordingly, we conclude that the district court did not abuse its discretion by imposing a total ban on alcohol use as a special condition of supervised release in this case.

Second, Behler challenges the condition that he attend and pay for any diagnostic evaluation, counseling, or treatment as directed by his probation officer. Behler asserts that he has no ongoing substance abuse or alcohol problem to warrant this imposition and that such programs have a religious component in which he cannot be forced to participate. This special condition allows Behler's probation officer to seek evaluations to indicate whether or not further substance abuse treatment is necessary, and it does not specifically designate any particular treatment program (except by example). When imposing this condition, the district court commented, "I don't expect any problem with drinking or drugs by you, Mr. Behler, and I'm putting that in only in case some future problem does develop." (Sent. Tr. at 143.)

Participation in an approved substance abuse program is a discretionary condition that may be imposed "[i]f the court has reason to believe that the defendant is an abuser of narcotics, other controlled substances or alcohol." USSG § 5B1.4(b)(23) (Oct. 1987); accord United States v. Cooper, 171 F.3d 582, 587(8th Cir. 1999). A user of controlled substances is by definition an abuser, and treatment is appropriate. See Cooper, 171 F.3d at 587. There is no question that Behler has been a substance abuser of methamphetamine, the drug which was the subject of his illegal distribution offenses. Because no specific treatment plan has yet been ordered for Behler, he has no First Amendment claim at this point. We conclude that the district court did not abuse its broad discretion by ordering evaluation and treatment as directed by the probation officer. See id.

10

Third, Behler argues that because he was not ordered to pay restitution or a fine, the district court abused its discretion by ordering him to provide his probation officer with access to financial information. We disagree. The United States Sentencing Guidelines provide a policy statement recommending that the district court impose a special condition requiring access to requested financial information "[i]f the court imposes an order of restitution, forfeiture, or notice to victims, or orders the defendant to pay a fine." USSG § 5B1.4(b)(18) (Oct. 1987). This policy statement, however, does not preclude the district court from requiring financial disclosure in otherwise appropriate situations, for instance, when warranted by the nature and characteristics of the offense and the need for deterrence and protection as articulated in 18 U.S.C. § 3553(a). In this case, the district court understood that money and greed were at the heart of Behler's drug distribution offenses and believed that monitoring Behler's financial situation would aid in detecting any return to his former lifestyle of drug distribution. We conclude that these findings are consistent with the statutory factors and the Sentencing Commission's policy statements.

## D.

We have considered the arguments made in Behler's pro se brief and find them to be without merit. Finally, we deny his motion to supplement the record and to proceed under duress and protest.

III.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.