# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2870

_____

United States of America,            *

                                 *

        Appellee,          *

                                 *   Appeal from the United States

     v.                     *   District Court for the

                                 *   Western District of Missouri

Michael Brown,              *

                                 *      [UNPUBLISHED]

        Appellant.        *

_____

Submitted: June 7, 2000

Filed: June 13, 2000

_____

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit
     Judges.

_____

PER CURIAM.

Michael Brown appeals from the final judgment entered in the District Court[1] for
the Western District of Missouri, following resentencing upon a successful 28 U.S.C.
§ 2255 motion. In 1989 appellant was convicted of multiple counts relating to the
distribution of cocaine and cocaine base. He also was convicted of one count of using
a firearm in connection with drug trafficking, in violation of 18 U.S.C. § 924(c). He

_____

[1]The Honorable Ortrie D. Smith, United States District Judge for the Western
District of Missouri.

was sentenced to a total of 248 months imprisonment and five years supervised release, and was fined $17,500. We affirmed the § 924(c) conviction on direct appeal, see United States v. Brown, No. 90-1545, slip op. at 1 (8th Cir. Nov. 18, 1990) (unpublished per curiam), but the district court later vacated the conviction pursuant to Bailey v. United States, 516 U.S. 137 (1995), and resentenced appellant on the remaining drug convictions under an increased Guidelines range that included a two-level firearm-possession enhancement. For reversal appellant argues (1) the district court erred in applying the enhancement because the government failed to show scienter--i.e., that he possessed the firearm intentionally, recklessly, or by criminal negligence--which was required by U.S.S.G. § 1B1.3 (1988) as it existed when he committed his drug offenses; (2) the district court erred in refusing to reconsider other aspects of his drug sentence at resentencing, which denied him equal protection; and (3) his counsel was ineffective for failing to address the scienter requirement. For the reasons discussed below, we affirm the judgment of the district court.

We conclude the evidence was sufficient to satisfy any scienter requirement resulting from the language in pre-amendment Guidelines § 1B1.3. See U.S.S.G. §§ 1B1.3 (relevant conduct in determining Guidelines range includes "(3) all harm or risk of harm that resulted from the acts . . . if the harm or risk was caused intentionally, recklessly or by criminal negligence"),[2] 2D1.1(b)(1) (1988) (mandating enhancement if a firearm or other dangerous weapon was possessed during commission of offense); United States v. Underwood, 938 F.2d 1086, 1088-90 (10th Cir. 1991) (discussing scienter requirement for application of Guidelines § 2D1.1(b)(1) enhancement based on language in pre-amendment Guidelines § 1B1.3; collecting cases). Authorities had found a loaded handgun in a closet in Brown's apartment, below his stash of drugs and money, and a co-defendant had seen him holding a similar firearm in a parking lot; the

---

[2]In November 1989, Guidelines § 1B1.3 was amended to delete the language pertaining to "risk of harm" and "state of mind," and the reference to harm committed "intentionally, recklessly, or by criminal negligence." U.S.S.G. App. C, Amend. 76.

co-defendant had seen such a firearm lying on the couch in Brown's apartment on another occasion. See United States v. Roberts, 953 F.2d 351, 354 (8th Cir.) (district court may rely upon evidence presented at trial in making sentencing determinations), cert. denied, 505 U.S. 1210 (1992); United States v. Burke, 888 F.2d 862, 867-68 (D.C. Cir. 1989) (noting in discussing pre-November 1989 scienter requirement that possession with knowledge includes actual and constructive possession). Although Brown denied at resentencing that he knew anything about the firearm, claiming that it had been kept in a box belonging to his girlfriend, the district court was not required to accept his assertions. See United States v. Behler, 187 F.3d 772, 777 (8th Cir. 1999).

We also conclude that the district court did not err in refusing to reconsider other aspects of Brown's drug sentence at resentencing, see id. (noting in part that vacating mandatory minimum sentence for § 924(c) conviction did not disturb any prior findings concerning defendant's role in offense or obstruction of justice), and that this limitation at resentencing did not violate Brown's equal protection rights.

Finally, we agree with the government that counsel made the scienter argument, albeit unsuccessfully, by contending at resentencing that the district court had to find Brown had "knowingly" possessed the firearm at issue in order to apply the enhancement. See Parkus v. Bowersox, 157 F.3d 1136, 1139 (8th Cir. 1998) (defendant must show counsel's performance was deficient, and that this deficient performance prejudiced his defense), cert. denied, 119 S. Ct. 2410 (1999).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.