# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 02-2455

———————

United States of America,          *
                                        *

        Appellee,          *
          *    Appeal from the United States
   v.                      *    District Court for the Eastern
                                *    District of Arkansas.

Ernesto Ruiz, also known as Ears,  *
                                *       [Unpublished]
        Appellant.        *

———————

Submitted: June 4, 2003
Filed: June 6, 2003

———————

Before BOWMAN, MURPHY, and RILEY, Circuit Judges.

———————

PER CURIAM.

In this direct criminal appeal, Ernesto Ruiz challenges the sentence the district court[1] imposed after he pleaded guilty to conspiring to commit an offense against the United States, namely, possession with intent to distribute more than 50 kilograms of marijuana, in violation of 18 U.S.C. § 371. The district court sentenced Ruiz to 51 months imprisonment and 3 years supervised release. On appeal, Ruiz's counsel has moved to withdraw under Anders v. California, 386 U.S. 738 (1967), arguing that the

---

[1]The Honorable Susan Webber Wright, Chief Judge, United States District Court for the Eastern District of Arkansas.

district court incorrectly enhanced Ruiz's sentence for possessing a dangerous weapon. Ruiz reasserts this argument in a pro se supplemental brief.

The district court did not clearly err in finding that the government showed by a preponderance of the evidence that the enhancement was warranted. See United States v. Atkins, 250 F.3d 1203, 1213 (8th Cir. 2001) (clear error review). The district court was presented with a sworn statement, and with sentencing testimony, from which the court could have concluded that Ruiz possessed a gun while he was present in Arkansas to sell marijuana, and when he was transporting a large quantity of drug proceeds on his person. See U.S.S.G. § 2D1.1(b)(1), comment. (n.3) (enhancement should be applied if weapon was present, unless it is clearly improbable that weapon was connected with offense); United States v. Behler, 187 F.3d 772, 777-78 (8th Cir. 1999) (affirming § 2D1.1(b)(1) enhancement where witness told FBI agent that defendant carried firearm during trips to purchase methamphetamine). Any ineffective assistance argument that Ruiz may be trying to raise in his pro se supplemental brief is not properly before us. See United States v. Martin, 59 F.3d 767, 771 (8th Cir. 1995) (ineffective assistance claims should be brought in collateral proceedings except where plain miscarriage of justice would result).

Following careful review of the record, we find no other nonfrivolous issues. See Penson v. Ohio, 488 U.S. 75, 80 (1988). Accordingly, the judgment is affirmed. We also grant counsel's motion to withdraw, and we deny as moot Ruiz's motion to compel.

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.