# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3612

_____

United States of America,      *
     *
         Appellee,      *
     *    Appeal from the United States
      v.      *    District Court for the
     *    District of Minnesota.
Kenneth Lee Johnson, also known      *
as Kenneth Johnson, Jr.,      *    [UNPUBLISHED]
     *
         Appellant.      *

_____

Submitted: March 7, 2007
Filed: March 12, 2007

_____

Before SMITH, GRUENDER, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Kenneth Lee Johnson appeals the 87-month sentence the district court[1] imposed upon remand for resentencing, see United States v. Morton, 412 F.3d 901, 909 (8th Cir. 2005). His counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), and Johnson argues pro se that the district court erred in calculating his criminal history. We affirm.

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

Johnson was sentenced in June 2004 to 97 months in prison for conspiring to distribute cocaine base. He contended on appeal that the government had breached the plea agreement by not moving for an additional one-level acceptance-of-responsibility reduction under U.S.S.G. § 3E1.1(b). See Morton, 412 F.3d at 903-04. We agreed and remanded for resentencing, directing the government to file a motion in accordance with the plea agreement, and stating that at resentencing the district court would be obligated to follow United States v. Booker, 543 U.S. 220 (2005). See 412 F.3d at 908-09. On remand, the government filed the appropriate motion. After "evaluating those factors set forth in 18 U.S.C. § 3553(a)," the district court found that 87 months--the bottom of the new advisory Guidelines range--"represents a fair and appropriate sentence under all of the circumstances, based upon the record before the Court."

We first note that in this appeal Johnson may not challenge any of the district court's findings--such as criminal-history calculations--that were undisturbed by our previous decision and that he could have challenged, but did not, in his first appeal. See United States v. Behler, 187 F.3d 772, 776-77 (8th Cir. 1999) (resentencing court may not disregard scope of any limitations imposed by appellate court; district court had no basis for revisiting issues previously decided by both it and appellate court); United States v. Bartsh, 69 F.3d 864, 866 (8th Cir. 1995) (law-of-case doctrine prevents relitigation of settled issues in case and requires courts to adhere to decisions made in earlier proceedings).

Second, we conclude that the 87-month sentence, which was at the bottom of the Guidelines range and was selected after consideration of the section 3553(a) factors, was not unreasonable. See United States v. Gnavi, 474 F.3d 532, 538 (8th Cir. 2007) (although district court is required to consider each of § 3553(a) factors, it need not "'categorically rehearse'" each of these factors as long as they were clearly considered; district court's statement that it had taken "all those [§ 3553(a) factors] into account" was sufficient to show district court had taken them into account

(citation to quoted case omitted)); <u>United States v. Long Soldier</u>, 431 F.3d 1120, 1123 (8th Cir. 2005) (relevant inquiry is whether court actually considered § 3553(a) factors and whether appellate court's review of those factors leads it to conclude that they support finding of reasonableness).

Accordingly, we affirm, and we grant counsel leave to withdraw.

_____