# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2352

_____

United States of America,        *
                           *

        Appellee,        *    Appeal from the United States
                           *    District Court for the
    v.                     *    District of Nebraska.
                           *

Tony Skannell, also known as Tomcat,  *    [UNPUBLISHED]
                           *

        Appellant.      *

_____

Submitted: June 26, 2008
Filed:  June 30, 2008

_____

Before BYE, SMITH, and BENTON, Circuit Judges.

_____

PER CURIAM.

Tony Skannell challenges the 360-month prison sentence the district court[1] imposed for a drug offense following remand for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005).  We affirm.

After careful review, we conclude that Skannell's arguments regarding his career-offender status and the requirements of 21 U.S.C. § 851 are foreclosed by our decision in his prior appeal. *See United States v. Behler*, 100 F.3d 632, 635 (8th Cir. 1996) (on remand, all issues decided by appellate court become law of case, and

---

[1]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

sentencing court is bound to proceed within scope of any limitations imposed on its function at resentencing by appellate court); *United States v. Bartsh*, 69 F.3d 864, 866 (8th Cir. 1995) (under law-of-case doctrine, decision in prior appeal is followed in later proceedings unless party introduces substantially different evidence, or prior decision is clearly erroneous and works manifest injustice).

Skannell also argues that, in resentencing him, the district court abused its discretion by giving too much weight to his criminal history while not adequately considering what would be a just punishment. This argument fails. Skannell's extensive criminal history was a proper consideration, and we hold that his within-Guidelines-range prison sentence is reasonable. *See* 18 U.S.C. § 3553(a)(1) (in determining particular sentence, court shall consider, inter alia, history and characteristics of defendant); *Gall v. United States*, 128 S. Ct. 586, 597 (2007) (appellate court must review sentence under abuse-of-discretion standard regardless whether sentence imposed is inside or outside Guidelines range); *Rita v. United States*, 127 S. Ct. 2456, 2462 (2007) (approving appellate presumption of reasonableness for sentences that reflect proper application of Guidelines); *United States v. Harris*, 493 F.3d 928, 932 (8th Cir. 2007) (applying presumption of reasonableness), *cert. denied*, 128 S. Ct. 1263 (2008); *United States v. Long Soldier*, 431 F.3d 1120, 1123 (8th Cir. 2005) (reasonableness of sentence is reviewed for abuse of discretion, which occurs if court fails to consider relevant factor that should have received significant weight, gives significant weight to improper or irrelevant factor, or considers only appropriate factors but commits clear error of judgment in weighing factors).

Finally, we decline to address the merits of Skannell's reply-brief argument regarding the "crack cocaine amendment" because that issue is not properly before us. *See United States v. King*, 518 F.3d 571, 576 (8th Cir. 2008) (request for reduction of sentence in light of Guidelines amendment must be decided by district court in first instance).

Accordingly, the judgment is affirmed.

_____