# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

September 15, 2014

Lyle W. Cayce
Clerk

No. 13-40681
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELIAS FIDEL VEGA, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:12-CR-841-1

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Elias Fidel Vega, Jr., appeals the conditions of supervised release imposed for his offenses of possession of firearms by a convicted felon, illegal possession of a machine gun, and possession of unregistered firearms. He contends that the written conditions requiring him to provide his probation officer with access to his financial information and prohibiting him from incurring new credit charges or opening additional lines of credit without prior

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

approval should be stricken from the judgment because they conflict with the oral pronouncement of his sentence.  He also challenges the two conditions on grounds that they are not reasonably related to the applicable 18 U.S.C. § 3553(a) factors and that they involve a greater deprivation of liberty than necessary to effectuate the sentencing goals.  He argues that the conditions are unrelated to his firearm offenses and prior convictions.  Because the district court did not announce the conditions at sentencing and Vega had no opportunity to object, we review for abuse of discretion.  *See United States v. Mudd*, 685 F.3d 473, 480 (5th Cir. 2012); *United States v. Warden*, 291 F.3d 363, 364-65 & n.1 (5th Cir. 2002).

The conditions at issue are not mandatory conditions required by 18 U.S.C. § 3583(d) or standard conditions of supervised release in the Southern District of Texas.  However, the policy statement in United States Sentencing Guidelines § 5D1.3(d) recommends including a condition requiring the defendant to provide access to any requested financial information "[i]f the court . . . orders the defendant to pay a fine."  § 5D1.3(d)(3) (p.s.).  Because the district court ordered Vega to pay a $2,500 fine, the prerequisite for including the condition under § 5D1.3(d)(3) was satisfied, and the district court did not abuse its discretion by including the condition in the written judgment.  *See* § 5D1.3(d)(3); *United States v. Torres-Aguilar*, 352 F.3d 934, 937-38 (5th Cir. 2003).

In contrast, the circumstances of Vega's case do not meet the express prerequisites enumerated in § 5D1.3(d)(2) of the Sentencing Guidelines for debt obligations, as the district court did not impose an installment schedule for payment of the fine or limit the application of the condition to instances when Vega is in noncompliance with any installment plan.  *See* § 5D1.3(d)(2) (p.s.).  Therefore, imposition of the special condition requiring him to obtain

the probation officer's approval before incurring new credit charges or opening new lines of credit was not recommended by the Guidelines. *See Torres-Aguilar*, 352 F.3d at 937-38. Additionally, the condition actually imposed in the written judgment is more restrictive than the condition found in § 5D1.3(d)(2), as it applies without regard to the defendant's compliance with any payment schedule. For these reasons, inclusion of this condition in the written judgment created a conflict between the judgment and the oral sentence, and the oral pronouncement controls. *See United States v. Mudd*, 685 F.3d 473, 480 (5th Cir. 2012); *United States v. Bigelow*, 462 F.3d 378, 383-84 (5th Cir. 2006); *Torres-Aguilar*, 352 F.3d at 938. We thus remand the case to the district court to conform the judgment to the oral sentence. In light of this determination, we do not reach Vega's argument that imposition of the condition was substantively unreasonable.

With respect to the condition requiring Vega to provide access to any requested financial information, the record shows that it was reasonably related to several of the relevant § 3553(a) factors. Vega's sentence, which included the $2,500 fine, was imposed in part to further the sentencing goals of deterrence and protection of the public. The condition is related to ensuring payment of the fine, *see* § 5D1.3(d)(3), thus effectuating those goals. Additionally, Vega's violent offense conduct apparently stemmed from a dispute over a heroin transaction, and the district court concluded that the evidence suggested that he was a drug dealer. Although Vega had been without a job for several years, police seized large sums of cash from his home. Allowing the probation officer to access Vega's financial information will help the officer to monitor whether Vega obtains legitimate employment and to detect if he begins to obtain funds illegally, thereby deterring further criminal conduct and protecting the public. *See United States v. Behler*, 187 F.3d 772,

780 (8th Cir. 1999) (affirming imposition of condition requiring access to financial information where district court "believed that monitoring [the defendant's] financial situation would aid in detecting any return to his former lifestyle of drug distribution").  Although Vega asserts that the condition imposes a greater deprivation of liberty than is necessary to advance the goals of deterrence and protecting the public, he offers no explanation of any liberty interest that will be impinged or any legal activities that will be affected.  We defer to the district court's determination that it was an appropriate condition of supervised release.  *See United States v. Rodriguez*, 558 F.3d 408, 412 & n.3 (5th Cir. 2009); *United States v. Weatherton*, 567 F.3d 149, 153 (5th Cir. 2009).

Vega's conviction is AFFIRMED.  The sentence is VACATED in part and the case REMANDED to the district court to conform the written judgment consistent with this opinion.