**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4579**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAMIL KEARE CURTIS, a/k/a Mills,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Richard E. Myers, II, Chief District Judge.  (5:20-cr-00490-M-1)

Submitted:  January 31, 2023                    Decided:  February 13, 2023

Before NIEMEYER and KING, Circuit Judges, and KEENAN, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:** Joseph B. Gilbert, TARLTON POLK PLLC, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jamil Keare Curtis pled guilty to possession with intent to distribute marijuana and a mixture of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), and possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a). On appeal, Curtis argues that the district court erred by finding that he profited from illegally distributing narcotics. Curtis also contends that two conditions of his supervised release, specifically the conditions barring him from using or opening new credit without prior approval from his probation officer and requiring disclosure of financial information, are procedurally and substantively unreasonable. We affirm.

Because Curtis did not object to the district court's imposition of the challenged conditions of supervised release, we review only for plain error. *See United States v. Elbaz*, 52 F.4th 593, 613 (4th Cir. 2022). "A reviewing court may not reverse a lower court's finding of fact simply because it would have decided the case differently. Rather, a reviewing court must ask whether, on the entire evidence, it is left with the definite and firm conviction that a mistake has been committed." *United States v. Bell*, 884 F.3d 500, 507 (4th Cir. 2018) (internal quotation marks omitted); *see United States v. Provance*, 944 F.3d 213, 217 (4th Cir. 2019) (reviewing factual findings at sentencing for clear error). The district court may make inferences from the facts in the record, so long as those inferences are not clearly erroneous. *See United States v. Kiulin*, 360 F.3d 456, 460 (4th Cir. 2004). We conclude that there was sufficient evidence for the district court to find that Curtis distributed drugs for profit, specifically the sizable amount of methamphetamine mixture seized by law enforcement and Curtis' apparent lack of income for the

2

approximately 11 months before his arrest.  We discern no plain error in the district court's factual finding that Curtis profited from distributing drugs.

Next, the district court committed no plain error in imposing the challenged conditions of supervised release.  The conditions of supervised release must be "reasonably related to" certain sentencing factors, 18 U.S.C. § 3583(d)(1), including "the nature and circumstances of the offense and the history and characteristics of the defendant," and the need "to afford adequate deterrence to criminal conduct[,] . . . to protect the public from further crimes of the defendant," and to provide effective correctional treatment for the defendant, 18 U.S.C. § 3553(a)(1), (2)(B)-(D).  "[T]he sentencing court must also ensure that the condition 'involves no greater deprivation of liberty than is reasonably necessary' to serve these sentencing goals, 18 U.S.C. § 3583(d)(2), and that it 'is consistent with any pertinent policy statements issued by the [United States] Sentencing Commission,' 18 U.S.C. § 3583(d)(3)."  *United States v. Douglas*, 850 F.3d 660, 663 (4th Cir. 2017).  "District courts have broad latitude to impose conditions on supervised release," but we "will carefully scrutinize unusual and severe conditions."  *United States v. Armel*, 585 F.3d 182, 186 (4th Cir. 2009) (internal quotation marks omitted).  Although a special condition of supervised release "does not require an offense-specific nexus, . . . the sentencing court must adequately explain its decision and its reasons for imposing it."  *Douglas*, 850 F.3d at 663 (internal quotation marks omitted); *see also United States v. Ross*, 912 F.3d 740, 745-46 (4th Cir. 2019) ("The requirement that the district court adequately explain Ross's term of confinement similarly applies to the special conditions of his supervised release.").

3

We conclude that the district court sufficiently explained why it imposed the two challenged conditions of supervised release. The district court stated that it imposed the conditions because it appeared to the court that "the defendant has earned at least some significant part of his income from participation in illegal narcotics sales." (J.A. 55).[*] The district court also noted that it considered the nature of the offense, Curtis' history of substance abuse, the need for rehabilitation, and the need for adequate supervision when deciding the conditions of supervised release. The district court's imposition of the challenged conditions of supervised release is therefore procedurally reasonable.

We also conclude that the challenged conditions of supervised release are substantively reasonable. The challenged conditions are reasonably related to the circumstances of Curtis' offense and the need to afford adequate deterrence. *See United States v. Behler*, 187 F.3d 772, 780 (8th Cir. 1999) (affirming financial disclosure supervision condition because "monitoring [defendant's] financial situation would aid in detecting any return to his former lifestyle of drug distribution"). Further, the challenged conditions are temporary, narrowly defined, and do not unreasonably burden Curtis' liberty. *Cf. United States v. McMiller*, 954 F.3d 670, 677 (4th Cir. 2020). Even in the absence of a fine or restitution, we discern no plain error in the imposition of the challenged supervision conditions in this case. *See* U.S. Sentencing Guidelines Manual § 5D1.3(d) (2018).

---

[*] "J.A." refers to the joint appendix filed by the parties in this appeal.

4

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*