# United States Court of Appeals
### For the Eighth Circuit

_____

No. 12-3523
_____

United States of America

*Plaintiff - Appellee*

v.

Rodney Lee Hunt

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Ft. Dodge
_____

Submitted: July 9, 2013
Filed: July 18, 2013
[Unpublished]
_____

Before BYE, ARNOLD, and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Pursuant to a plea agreement, Rodney Hunt pleaded guilty to being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1). The district court[1]

_____

[1]The Honorable Linda R. Reade, Chief Judge, United States District Court for the Northern District of Iowa.

sentenced him as an armed career criminal under 18 U.S.C. § 924(e), imposing a mandatory minimum sentence of 180 months in prison and 5 years of supervised release. In this appeal, Hunt's counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967). In the brief, counsel argues that Hunt's Fifth and Sixth Amendment rights were violated because, prior to his plea, Hunt was unaware of the possibility that he might be sentenced pursuant to section 924(e).

We have held that a sentencing court's application of section 924(e) in these circumstances does not violate a defendant's constitutional rights. See United States v. Sohn, 567 F.3d 392, 394-95 (8th Cir. 2009) (when defendant pleads guilty to § 922(g)(1), Fifth Amendment does not require that § 924(e) or predicate convictions be alleged in indictment for court to apply § 924(e) at sentencing); United States v. Campbell, 270 F.3d 702, 707-08 (8th Cir. 2001) (whether prior conviction is violent felony or serious drug offense under § 924(e) need not be charged in indictment or proved to jury beyond reasonable doubt, as it falls within "prior conviction" exception of Apprendi v. New Jersey, 530 U.S. 466 (2000)).[2]

Nevertheless, in accepting a guilty plea, a district court is required to apprise a defendant of the mandatory minimum and maximum penalties he faces. See Fed. R. Crim. P. 11(b)(1)(H)-(I) (when accepting guilty plea, court must inform defendant and ensure he understands any maximum possible and mandatory minimum penalties). Here, Hunt was told at the plea hearing that he faced a maximum of 10 years in prison and 3 years of supervised release, and his plea agreement contained the

---

[2]The Supreme Court recently held in Alleyne v. United States, 133 S. Ct. 2151 (2013), that under the Sixth Amendment, facts which increase a defendant's mandatory minimum sentence are elements of the crime and must be found by a jury beyond a reasonable doubt. Id. at 2163. The Court noted, however, that the parties did not contest the vitality of the prior-conviction exception, and that the Court therefore did not revisit it. See id. at 2160 n.1; see also United States v. Mosley, 505 F.3d 804, 811 (8th Cir. 2007) (lower courts are reluctant to conclude Supreme Court precedent was overruled by implication).

same information. We conclude that this error was harmless, however, because (1) Hunt learned of the mandatory minimum and possible life sentence, and higher supervised-release term, before sentencing, when it was reported in the presentence report; and (2) at sentencing, the district court invited Hunt to withdraw his guilty plea, both Hunt and his counsel told the court they had discussed whether Hunt wished to withdraw his guilty plea and that he had decided against doing so, and Hunt personally assured the court that he wished to persist in his guilty plea even after learning he would be subjected to a higher sentence because of section 924(e)'s applicability. See United States v. Gray, 581 F.3d 749, 752, 755 (8th Cir. 2009) (this court reviews objected-to Rule 11 violations for harmless error; in concluding that Rule 11(b)(1)(H)-(I) errors were not harmless, court reasoned that defendant did not unequivocally assert his "desire to plead guilty" at sentencing, and that "result would likely be different" if district court had asked defendant if he still wanted to plead guilty after learning of § 924(e)'s application).

Having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no other nonfrivolous issues. We therefore affirm the judgment of the district court and grant counsel's motion to withdraw, subject to counsel informing appellant about procedures for seeking rehearing or filing a petition for certiorari.

_____