# United States Court of Appeals

### For the Eighth Circuit

_____

No. 18-2040

_____

United States of America

*Plaintiff - Appellee*

v.

Kendrick Moody

*Defendant - Appellant*

_____

No. 18-2041

_____

United States of America

*Plaintiff - Appellee*

v.

Kendrick Moody

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

_____

Before SMITH, Chief Judge, KELLY and KOBES, Circuit Judges.

_____

SMITH, Chief Judge.

Kendrick Moody pleaded guilty to having a prohibited object in prison, in violation of 18 U.S.C. § 1791(a)(2), on two separate occasions. The district court[1] calculated an advisory Guidelines range of four to ten months' imprisonment for each offense. Moody requested concurrent four-month sentences. The court believed that it lacked authority to impose the sentences concurrently and rejected Moody's alternative suggestion of two consecutive two-month terms before sentencing him to two consecutive four-month terms. Moody appeals, claiming the district court erred in concluding it lacked authority to run the four-month sentences concurrently. We agree and vacate Moody's sentence and remand to the district court for resentencing.

We review Moody's claim of legal error de novo. *See United States v. Mitchell*, 476 F.3d 539, 543 (8th Cir. 2007). "When a district court does not consider an argument because it is unaware of its power to do so . . . a remand is appropriate." *United States v. Roberson*, 517 F.3d 990, 995 (8th Cir. 2008). A district court's failure "to understand the scope of its authority and discretion at sentencing" is considered a significant procedural error. *United States v. Tabor*, 531 F.3d 688, 692 (8th Cir. 2008). When a defendant objects to such an error at sentencing, we are required to reverse the sentence unless the error was harmless. *Id*. "An error is harmless only if we are convinced that the error did not affect the district court's

_____

[1]This case was heard by a magistrate judge, sitting by consent of the parties pursuant to 28 U.S.C. § 636(c).

sentencing conclusion." *Id*. The government, as the "beneficiary of the error," bears the burden of demonstrating the district court would have imposed the same sentence absent the error. *See United States v. Thorpe*, 447 F.3d 565, 569 (8th Cir. 2006).

A sentencing judge imposing multiple terms of imprisonment at the same time may impose sentences concurrently unless consecutive terms are mandated by statute. 18 U.S.C. § 3584(a);[2] *see also Setser v. United States*, 566 U.S. 231, 236 (2012) ("Judges have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively with respect to other sentences that they impose, or that have been imposed in other proceedings . . . ."). In this case, Moody pleaded guilty to twice violating 18 U.S.C. § 1791, which requires an inmate's custodial punishment for contraband possession be imposed "consecutive to the sentence being served by such inmate at the time the inmate commits such violation." 18 U.S.C. § 1791(c). This language limits the sentencing court's discretion to impose the sentences concurrently with Moody's undischarged term of imprisonment, but it does not deprive the court of its authority to impose the two § 1791 sentences concurrently with each other. The district court's mistaken belief to the contrary constituted a significant procedural error. *Accord United States v. Joseph*, 716 F.3d 1273, 1280–81 (9th Cir. 2013) (holding that a district court's failure to recognize its authority to impose concurrent sentences for multiple violations of § 1791 was plain error warranting reversal because the error potentially increased the length of defendant's sentence).

Because we find that significant procedural error occurred, we must reverse unless the error was harmless. The government argues it was harmless because the court acted within its discretion by ordering consecutive sentences, appropriately

---

[2]Though not at issue here, § 3584(a) also places a limit on the sentencing court's discretion by requiring *concurrent* sentences when the terms are "for an attempt and for another offense that was the sole objective of the attempt."

considered the § 3553(a) factors to justify the sentences, and imposed within-Guidelines sentences after correctly calculating the advisory Guidelines range for each offense. Although we acknowledge both the court's authority and its justifications for the sentence imposed, we are uncertain "that the court would have arrived at the same term of imprisonment absent the procedural error." *United States v. Mulverhill*, 833 F.3d 925, 931 (8th Cir. 2016) (internal quotations omitted). We find no support in the record for the government's contention that the court intended to sentence Moody to a total of "eight months' imprisonment, regardless of whether that outcome was reached by consecutive or concurrent sentences." Appellee's Br. at 7. The sentencing court stated that it could not agree to two-month consecutive sentences, but it chose a sentence at "the very low end of the [G]uideline range on each count" and emphasized that its decision was "in compliance with the statute and the [S]entencing [G]uidelines." Tr. of Ct. Proc. at 16, *United States v. Moody*, No. 4:18-cr-00120 (E.D. Ark. June 7, 2018), ECF No. 14. When Moody pressed the court for concurrent sentences, the sentencing court replied, "The law—I just don't—the law just won't allow it" and concluded that "the statute trumps the [G]uidelines. And the statute requires it to be consecutive." *Id*. at 17. On this record, we find that the sentencing court's error affected its sentencing conclusion and therefore was not harmless.

Accordingly, we vacate Moody's sentence and remand to the district court for resentencing.

_____