# United States Court of Appeals
## For the Eighth Circuit

_____

No. 18-2436

_____

United States of America

*Plaintiff - Appellee*

v.

Markell Jay Hamilton, also known as Poo

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Northern District of Iowa - Cedar Rapids

_____

Submitted: October 14, 2019
Filed: February 19, 2020

_____

Before LOKEN, SHEPHERD, and STRAS, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

In 2017, following a guilty plea to possession of heroin with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(c), the district court sentenced Markell Hamilton to 81 months imprisonment. Hamilton's criminal history score in his presentence investigation report (PSR), which was used to calculate his United States Sentencing Guidelines range, included a previous felony conviction, under Illinois law, for aggravated unlawful use of a weapon. In United States v. Hamilton,

709 F. App'x 425 (8th Cir. 2018) (per curiam), we vacated Hamilton's sentence because part of the Illinois statute of conviction had been declared unconstitutional by the Illinois Supreme Court and the Seventh Circuit. We remanded for resentencing to allow the district court to determine whether the Illinois conviction was appropriately included in his criminal history score. At resentencing, the district court stated that, based on our opinion vacating Hamilton's sentence, the scope of resentencing was limited to the issue involving Hamilton's previous Illinois conviction. The district court ultimately concluded that this conviction was properly accounted for in Hamilton's criminal history score because Hamilton was convicted under a provision of the Illinois statute that remained in effect. The district court then reimposed the same sentence of 81 months. Hamilton again appeals, asserting that the district court erred by considering documents related to this conviction that did not satisfy the standards set out by Shepard v. United States, 544 U.S. 13 (2005), and by limiting the scope of resentencing to only the issue involving his previous Illinois conviction. Having jurisdiction pursuant to 28 U.S.C. § 1291, we vacate Hamilton's sentence and remand for resentencing.

Hamilton's first point of error—that, in determining his criminal history score, the district court relied on documents that did not satisfy Shepard to determine that Hamilton had a valid conviction for aggravated unlawful use of a weapon—is without merit. "We review de novo the district court's construction and interpretation of Chapter Four of the Guidelines, and we review for clear error the district court's application of Chapter Four to the facts. Decisions regarding offenses counted in a criminal history calculation are factual determinations subject to clear-error review." United States v. Townsend, 408 F.3d 1020, 1022 (8th Cir. 2005) (citation and internal quotation marks omitted).

To sustain a conviction under 720 Ill. Stat. Comp. § 5/24-1.6 for aggravated unlawful use of a weapon, a defendant must have violated either subsection (a)(1) or (a)(2), which provide the locational elements of the crime, and one of the enumerated

factors contained in subsection (a)(3). Following Hamilton's conviction under this statute, the Illinois Supreme Court held that one of the enumerated factors, subsection (a)(3)(A), was unconstitutional. People v. Mosley, 33 N.E.3d 137, 150-151 (Ill. 2015); People v. Aguilar, 2 N.E.3d 321, 327-28 (Ill. 2013). Under these circumstances, where part of the statute of conviction was declared unconstitutional, the district court must determine which subsection formed the basis of conviction before including the conviction in calculating the criminal history score. In making such determination, "the court may refer to the 'terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information,' in order to determine whether the plea '"necessarily" rested' on facts equating to the qualifying offense." United States v. Vasquez-Garcia, 449 F.3d 870, 872 (8th Cir. 2006) (quoting Shepard, 544 U.S. at 21, 26) (applying modified categorical approach to sentencing enhancement for previous firearms conviction).

Hamilton argues that the government produced only the Information and the Order Assessing Fines, Fees and Costs from Hamilton's Illinois conviction and that these documents do not satisfy Shepard because they do not provide specific facts about how the crime was committed, do not include any colloquy between Hamilton and the sentencing court, and do not include the specific subsection of the statute for which Hamilton was convicted. Hamilton asserts, therefore, that the district court could not ascertain from the documents it considered whether he was convicted of a violation of a subsection that has since been held unconstitutional. We are not persuaded by Hamilton's contentions. The Order Assessing Fines, Fees and Costs shows that Hamilton was convicted of Count 2 of a seven-count Information, the official charging document under Illinois law, see 725 Ill. Comp. Stat. § 5/111-2, for a violation of 720 Ill. Comp. Stat. § 5/24-1.6(a)(2), and the Information for Count 2 alleges that Hamilton

knowingly carried or possessed on or about his person a firearm, upon any public lands, . . . at a time when he was not on his own land or in his own abode or fixed place of business, and he was not an invitee thereon for the purpose of display of such weapon or the lawful commerce in weapons, and he had not been issued a currently valid firearm owner's identification card, in violation of Chapter 720 Act 5 Section 24-1.6(a)(2)/(3)(C) of the Illinois Compiled Statutes[.]

R. Doc. 61-2, at 3. The language in the Information directly corresponds to the language of 720 Ill. Comp. Stat. § 5/24-1.6(a)(2) and (a)(3)(C). These documents thus conclusively demonstrate that Hamilton was not convicted of an offense under the invalidated subsection (a)(3)(A).

And as this Court has previously held, "where a charging document already narrows the overinclusive statute, Shepard does not require the government to produce . . . additional documentation" of "a record of the factual basis or admissions by [a defendant] at the state plea hearing, or a record of judicial findings of fact in the state court proceeding." Vasquez-Garcia, 449 F.3d at 873. Because the Information identifies subsections (a)(2) and (a)(3)(C), reference to additional records is not required. The district court thus did not err in concluding that Hamilton was convicted of a violation of 720 Ill. Comp. Stat. § 5/24-1.6(a)(2)/(a)(3)(C) based on examination of Hamilton's Information and Order Assessing Fines, Fees and Costs or by including this conviction in Hamilton's criminal history score.

However, Hamilton's second point of error—that the district court was not limited on remand to consideration of only the issue involving his Illinois conviction—requires that his sentence be vacated and the matter remanded for resentencing. We review Hamilton's claim that the district court erroneously limited the scope of remand de novo. See United States v. Moody, 930 F.3d 991, 993 (8th Cir. 2019). "When a district court does not consider an argument because it is unaware of its power to do so . . . a remand is appropriate. A district court's failure

to understand the scope of its authority and discretion at sentencing is considered a significant procedural error." Id. at 993 (alteration in original) (citations and internal quotation marks omitted).

At resentencing, in addition to the issue of the criminal history score, Hamilton sought to challenge the PSR's statement of relevant conduct and the government's request at the original sentencing for an upward departure or variance. The district court rejected Hamilton's attempt to address these additional issues, stating, "So in my opinion, the sole issue today is for us to look at any evidence that we have relative to that Illinois conviction and answer the Eighth Circuit Court of Appeals accordingly with a resentencing." R. Doc. 72, at 3. After hearing argument from Hamilton's counsel regarding the issues to be considered, the district court further stated,

> My reading of the remand was for the sole purpose of considering in the first instance, as the opinion says, whether the criminal history was correctly scored as to [the Illinois conviction], so I am going to limit my review today to the scoring of [the Illinois conviction], the issue being under what section of the Illinois Code was he convicted, because that's my reading of what the Circuit wanted me to do.

R. Doc. 72, at 6. We agree with Hamilton that the district court was not prohibited from considering other issues on remand in addition to the inclusion of the Illinois conviction in Hamilton's criminal history score. "On remand for resentencing, a district court can hear any relevant evidence that it could have heard at the first hearing, but all issues decided by the appellate court become the law of the case. Additionally, the resentencing court may not disregard the scope of any limitations imposed by the appellate court." United States v. Behler, 187 F.3d 772, 776 (8th Cir. 1999) (citation and internal quotation marks omitted). "Where a remand is limited to the resolution of specific issues, those issues outside the scope of the remand are generally not available for consideration." United States v. Walterman, 408 F.3d 1084, 1085 (8th Cir. 2005). "But where a court of appeals vacates a sentence or

reverses a finding related to sentencing and remands the case for resentencing without placing any limitations on the district court, the court can hear any relevant evidence on that issue that it could have heard at the first hearing." United States v. Dunlap, 452 F.3d 747, 749-50 (8th Cir. 2006) (internal quotation marks omitted). While our previous decision vacating Hamilton's sentence instructed the district court to consider the Illinois conviction on remand, it did not make any mention of the other issues raised on appeal, including challenges to the relevant conduct in the PSR and the reasonableness of an upward departure or variance. It did not place limitations on the district court. There were thus no "issues decided by the appellate court" to "become the law of the case" and no limitations imposed on the scope of resentencing. The district court's statement that it was not permitted by our previous decision to revisit other issues was in error.

Accordingly, we vacate Hamilton's sentence and remand for resentencing consistent with this opinion.

LOKEN, Circuit Judge, dissenting in part.

I would affirm the district court.

_____