# United States Court of Appeals
## For the Eighth Circuit

———————————————

No. 19-1684

———————————————

United States of America

*Plaintiff - Appellee*

v.

Rodney Lee Hunt

*Defendant - Appellant*

——————————

Appeal from United States District Court
for the Northern District of Iowa - Ft. Dodge

——————————

Submitted: March 9, 2020
Filed: May 7, 2020
[Unpublished]

——————————

Before GRUENDER, ARNOLD, and SHEPHERD, Circuit Judges.

——————————

PER CURIAM.

Rodney Lee Hunt pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). The district court[1] sentenced him to 108 months

———————————————

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

imprisonment. On appeal, Hunt argues that the district court erred in applying a four-point enhancement to the offense level for using or possessing a firearm in connection with a felony offense. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

I.

In June 2012, Hunt pled guilty to being a felon in possession of a firearm. At sentencing, the district court found that Hunt was an armed career criminal under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). It sentenced Hunt to the mandatory minimum of 180 months imprisonment. But for the ACCA enhancement, Hunt's presentence report (PSR) indicated that his adjusted offense level would have been 23 and that he had a criminal history category of V. See United States Sentencing Commission, Guidelines Manual, § 2K2.1. This would have resulted in a sentencing range of 84 to 105 months imprisonment. Under this alternative calculation, the government did not argue for a four-level enhancement pursuant to USSG § 2K2.1(b)(6)(B), which prescribes an enhancement for using or possessing a firearm in connection with a felony offense. Because the district court found that Hunt was an armed career criminal, the PSR's alternative calculation of Hunt's non-ACCA Guidelines range had no effect at sentencing. We affirmed Hunt's sentence on direct appeal. See United States v. Hunt, 515 F. App'x 630 (8th Cir. 2013) (per curiam).

Hunt later filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, but the district court denied his motion. Hunt appealed, and after a change in the law concerning one of his ACCA predicate offenses, the government conceded that Hunt was eligible for relief under § 2255. Accordingly, we entered a judgment vacating Hunt's sentence and remanding the case to the district court for resentencing without application of the ACCA. See Rodney Lee Hunt v. United States, No. 17-3489.

At the resentencing hearing, the district court applied the four-level enhancement under USSG § 2K2.1(b)(6)(B) because Hunt used or possessed a firearm in connection with the felony offense of carrying weapons in violation of Iowa Code § 724.4(1). This increased Hunt's total offense level to 27. With a criminal history category of V, Hunt's Guidelines range was 120 to 150 months imprisonment. Because the statutory maximum for a violation of 18 U.S.C. § 922(g) is 120 months imprisonment, 18 U.S.C. § 924(a)(2), his Guidelines range was effectively 120 months. The district court subsequently granted Hunt's motion to vary downwards and sentenced him to 108 months imprisonment.

Hunt contends the district court's application of the four-level enhancement pursuant to USSG § 2K2.1(b)(6)(B) was erroneous. Specifically, he asserts that the district court exceeded the scope of our remand order and violated the law of the case doctrine and his right to due process. Hunt also asserts that the enhancement was waived or forfeited by the government because it failed to raise it during his original sentencing hearing. He also claims that allowing the district court to apply the enhancement would be contrary to the purpose of 28 U.S.C. § 2255. Alternatively, Hunt argues that the enhancement did not apply due to his eligibility for an affirmative defense to Iowa Code § 724.4(1).

II.

We first consider Hunt's argument that the district court's application of USSG § 2K2.1(b)(6)(B) was erroneous because it exceeded the scope of our remand order, violated the law of the case doctrine, and deprived Hunt of his due process rights. We review de novo whether the district court exceeded the scope of our remand order. See United States v. Hamilton, 950 F.3d 567, 571 (8th Cir. 2020). We review Hunt's claim that the district court ignored the law of the case for an abuse of discretion, see Estrada-Rodriguez v. Lynch, 825 F.3d 397, 402 (8th Cir. 2016), and de novo Hunt's

claim that the district court violated his due process rights, see United States v. Wessels, 539 F.3d 913, 914 (8th Cir. 2008).

"On remand for resentencing, a district court can hear any relevant evidence that it could have heard at the first hearing, but all issues decided by the appellate court become the law of the case." Hamilton, 950 F.3d at 571 (quoting United States v. Behler, 187 F.3d 772, 776 (8th Cir. 1999)). Further, "the resentencing court may not disregard the scope of any limitations imposed by the appellate court." Id. (quoting Behler, 187 F.3d at 776). If our remand is limited to specific issues or contains specific instructions, the district court is bound to proceed within the parameters of those limitations or instructions. See id. This is done in order "to eliminate the need for additional appeals and to avoid giving the parties additional bites of the litigation apple." United States v. Kendall, 475 F.3d 961, 964 (8th Cir. 2007) (internal quotation marks omitted). "Ultimately, the scope of a remand must be determined by reference to the analysis contained in [this Court's] opinion." Id.

We are unpersuaded that the district court exceeded the scope of our remand order in applying the § 2K2.1(b)(6)(B) enhancement. Our judgment vacating Hunt's sentence and remanding the case for resentencing contained only one instruction to the district court: that it not apply the ACCA.[2] We placed no other limitation on what the district court could consider. Accordingly, we find that the district court did not exceed the scope of our remand order in applying the § 2K2.1(b)(6)(B) enhancement at the resentencing hearing.

---

[2]The relevant part of the judgment states as follows: "In light of the government's concession that Hunt is entitled to relief on his Descamps claim, it is hereby ordered that Hunt's sentence is vacated. The matter is remanded to the United States District Court for the District of Northern Iowa for resentencing without application of the Armed Career Criminal Act."

-4-

Similarly, we reject Hunt's law of the case argument. Again, because we did not discuss the accuracy of the 2012 calculation of Hunt's non-ACCA Guidelines range, "[t]here were thus no issues decided by the appellate court to become the law of the case" relevant to Hunt's non-ACCA Guidelines range. Hamilton, 950 F.3d at 572 (internal quotation marks omitted).

Finally, under these circumstances, we see no due process violation. Contrary to Hunt's arguments, the district court did not impose a "vindictive sentence" after deciding to apply the § 2K2.1(b)(6)(B) enhancement. On remand, Hunt faced a statutory maximum of 120 months imprisonment instead of the mandatory minimum of 180 months imprisonment that he was subject to in 2012. Moreover, after incorporating the enhancement under § 2K2.1(b)(6)(B), the district court varied downward from the revised Guidelines range. Accordingly, at resentencing, Hunt did not face a greater penalty for exercising his right to appeal the denial of his § 2255 motion, and for the reasons discussed below, we think that the enhancement was properly scored. Under these facts, we cannot say that the government, in arguing in favor of the enhancement, or that the district court, deciding to apply the enhancement, acted "vindictively" in order to punish Hunt for appealing the denial of his § 2255 motion. See United States v. Chappell, 779 F.3d 872, 879 (8th Cir. 2015) (discussing defendant's "heavy" evidentiary burden to prove prosecutorial vindictiveness). That Hunt's total offense level was slightly higher than what he expected simply does not support his due process argument under the circumstances of this case.

III.

Next, we consider Hunt's arguments that the government waived or forfeited the § 2K2.1(b)(6)(B) enhancement because it failed to raise it during the 2012 sentencing

hearing, and that the application of the enhancement under these circumstances is contrary to the purposes of 28 U.S.C. § 2255. "The legal conclusions a district court reaches in order to apply an enhancement for purposes of calculating an advisory guidelines range are reviewed de novo . . . ." United States v. Septon, 557 F.3d 934, 936 (8th Cir. 2009).

First, the government did not waive or forfeit the § 2K2.1(b)(6)(B) enhancement because it did not raise it at Hunt's 2012 sentencing. Because the district court found that Hunt was an armed career criminal, Hunt's offense level was automatically increased to 33 under USSG § 4B1.4, and he was subject to a mandatory minimum sentence of 180 months imprisonment under the ACCA. Under these circumstances, a four-level enhancement pursuant to § 2K2.1(b)(6)(B) would not have impacted the calculation of Hunt's total offense level or his resulting Guidelines range, and the government had no reason to bring it up in 2012. Rather, the enhancement only became a material issue after we instructed the district court to sentence Hunt without application of the ACCA. Thus, the government did not intentionally relinquish or abandon the § 2K2.1(b)(6)(B) enhancement or forfeit the issue by failing to raise it at the 2012 sentencing hearing. See United States v. Olano, 507 U.S. 725, 733 (1993) ("Waiver is different from forfeiture. Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the intentional relinquishment or abandonment of a known right." (internal quotation marks omitted)).

Second, we find unpersuasive Hunt's argument that the application of the § 2K2.1(b)(6)(B) enhancement is contrary to the purpose of 28 U.S.C. § 2255. We see nothing incongruous between the district court's application of the § 2K2.1(b)(6)(B) enhancement and the purpose of 28 U.S.C. § 2255. Indeed, we have noted that "[§ 2255] gives district courts broad and flexible remedial authority to resentence a defendant and to correct the sentence as appropriate." United States v. Harrison, 113

F.3d 135, 137 (8th Cir. 1997). Once we remanded for resentencing with the instruction not to apply the ACCA, the district court was free to resentence Hunt within the scope of our instructions. See Pepper v. United States, 562 U.S. 476, 507 (2011) (noting that, when an appellate court vacates the defendant's entire sentence and remands for resentencing, the district court is not necessarily bound by the calculations from the prior sentencing and may reconfigure the sentence to satisfy the requirements of § 3553(a)).

## IV.

Finally, we consider Hunt's argument that the § 2K2.1(b)(6)(B) enhancement should not have been scored because he was eligible for an affirmative defense under Iowa state law. "We review a district court's interpretation and application of the guidelines de novo and its factual findings regarding enhancements for clear error." United States v. Pate, 518 F.3d 972, 975 (8th Cir. 2008) (quoting United States v. Aguilar, 512 F.3d 485, 487 (8th Cir. 2008)).

As discussed above, § 2K2.1(b)(6)(B) prescribes a four-level increase to the defendant's offense level if the defendant uses or possesses a firearm in connection with another felony offense. Here, the district court applied the enhancement because Hunt used or possessed a firearm in connection with the felony offense of "carrying weapons," in violation of Iowa Code § 724.4(1). That statute provides as follows:

> [A] person who goes armed with a dangerous weapon concealed on or about the person, or who, within the limits of any city, goes armed with a pistol or revolver, or any loaded firearm of any kind, whether concealed or not, or who knowingly carries or transports in a vehicle a pistol or revolver, commits an aggravated misdemeanor.

Iowa Code § 724.4(1); see also United States v. Walker, 771 F.3d 449, 452 (8th Cir. 2014) (affirming district court's application of § 2K2.1(b)(6)(B) enhancement for a violation of Iowa Code § 724.4(1)). While the Iowa statute defines the crime as an "aggravated misdemeanor," we have noted that, for the purposes of the Guidelines, an aggravated misdemeanor under Iowa law qualifies as a felony offense because such misdemeanors are punishable by up to two years imprisonment. See United States v. Anderson, 339 F.3d 720, 724 (8th Cir. 2003).

Hunt argues that he is eligible to raise an affirmative defense located in Iowa Code § 724.4(4)(e). This provision creates a defense to Iowa Code § 724.4(1) if a person "who *for any lawful purpose* carries an unloaded pistol, revolver, or other dangerous weapon inside a closed and fastened container, or securely wrapped package which is too large to be concealed on the person." Iowa Code § 724.4(4)(e) (emphasis added). However, this affirmative defense is of no help to Hunt. The PSR and evidence presented at sentencing showed that Hunt had no lawful purpose in carrying the firearms at issue, as they were stolen and Hunt was trying to sell them. Moreover, Hunt, a felon, was legally prohibited from possessing firearms, and so he could not have carried them for any lawful purpose.

Accordingly, we reject Hunt's argument that the § 2K2.1(b)(6)(B) enhancement was not appropriately scored.

V.

For these reasons, we affirm Hunt's sentence.

_____