# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3152
_____

United States of America

*Plaintiff - Appellee*

v.

Marion Boone Wise, III

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: September 21, 2021
Filed: November 5, 2021

_____

Before SHEPHERD, WOLLMAN, and KOBES, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

Marion Boone Wise, III pled guilty to conspiracy to distribute more than 100 grams of a mixture or substance containing heroin, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(i), and 846, and the district court[1] sentenced Wise to 300

_____

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

months imprisonment. Wise now appeals, and having jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

I.

For approximately a year, the Drug Enforcement Administration (DEA), with the assistance of local law enforcement agencies, investigated heroin distribution in Northwest Arkansas. Investigators identified Wise as a heroin distributor in the area and utilized a confidential source to purchase heroin from Wise on two occasions. This confidential source also purchased heroin from Wise's co-conspirator and co-defendant Sherry Finn on four occasions. On July 17, 2019, the confidential source alerted DEA agents to a possible overdose victim at Finn's residence. Agents responded to Finn's residence and discovered a deceased male in her bedroom. An autopsy later revealed that the victim died from a heroin and methamphetamine overdose. Finn was arrested and, in a post-Miranda[2] interview, stated the victim used heroin that Finn had purchased from Wise. Finn further explained that when she purchased the heroin from Wise, he warned her that it was "strong stuff."

Also on July 17, agents executed a search warrant at Wise's residence. Agents seized 32.7 grams of "black tar" heroin, 26 grams of "China white" heroin, .8 grams of marijuana, 1.6 grams of methamphetamine, and $7,111 in cash. Agents also found two young children living there. During a post-Miranda interview with agents, Wise stated that he purchased heroin approximately every one to two days and distributed that heroin to approximately eight individuals. Wise admitted to distributing heroin to all seven named co-conspirators, including Finn. Wise also told agents about an incident in which a woman visited his residence, purchased "China white" heroin, and after using that heroin, began seizing and lost consciousness. Although the woman ultimately regained consciousness, it was upon Wise's advice that those at the residence chose not to call 911. This occurred on the same day as (and prior to) Finn's heroin purchase from Wise—heroin that he warned

---

[2] Miranda v. Arizona, 384 U.S. 436 (1966).

contained "strong stuff" and resulted in a death. Wise ultimately pled guilty to conspiracy to distribute more than 100 grams of a mixture or substance containing heroin.

At sentencing and after applying a three-level reduction for acceptance of responsibility, the district court calculated Wise's adjusted offense level as 31 and applied a criminal history category of VI, resulting in a Guidelines range of 188 to 235 months imprisonment. After analyzing the 18 U.S.C. § 3553(a) factors, the district court explained that the Guidelines range was inadequate and varied upward, sentencing Wise to 300 months imprisonment.[3]

II.

On appeal, Wise contends both that his 300-month sentence is procedurally flawed (because the district court relied on clearly erroneous facts) and substantively unreasonable. "Our analysis is performed in two steps: 'first, [we review] for significant procedural error; and if there is none, for substantive reasonableness.'" United States v. Clark, 998 F.3d 363, 367 (8th Cir. 2021) (alteration in original) (citation omitted). "'Procedural error' includes 'failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range.'" United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (citation omitted). At sentencing, Wise failed to object to the district court's alleged procedural error, and we therefore apply a plain-error standard of review. See United States v. Brown, 992 F.3d 665, 672 (8th Cir. 2021). "Under plain error review, the defendant must show: (1) an error; (2) that is plain; and (3) that affects substantial rights." Id. (citation omitted).

---

[3]The government moved for an upward departure pursuant to USSG § 5K2.1 to reflect the overdose victim's death. The district court declined to grant the government's motion, instead acknowledging the victim's death in its § 3553(a) analysis.

At sentencing, the district court mentioned that some of the heroin sold by Finn contained fentanyl and discussed the ever-present possibility that heroin can be laced with fentanyl. Wise highlights the district court's brief discussion of fentanyl and argues that this discussion reflects the district court's reliance on facts not in evidence. See Feemster, 572 F.3d at 461 (procedural error occurs where the district court "select[s] a sentence based on clearly erroneous facts"). We disagree. While Wise is correct that the government presented no evidence that the heroin he distributed contained fentanyl, the district court did not "select[ ] a sentence" based on the presence of fentanyl. Id. Instead, when read in the context of the entire sentencing hearing, it is clear the district court was merely highlighting heroin's dangerous nature and Wise's awareness of that dangerous nature, as exhibited in part by the woman who seized and lost consciousness after using heroin purchased from Wise and Wise's warning to Finn (after the woman lost consciousness) that the heroin he was distributing was "strong stuff." Therefore, Wise fails to show that the district court erred.

Even assuming the district court *did* procedurally err, any such error was harmless. "An error is harmless only if we are convinced that the error did not affect the district court's sentencing conclusion." United States v. Moody, 930 F.3d 991, 993 (8th Cir. 2019) (citation omitted). It is the government's burden to show that the sentence would have been the same despite the district court's error. Id. Here, the government explained that the district court found a 300-month sentence appropriate not because it believed fentanyl was present but because heroin distributed by Wise led to someone's death and Wise has an extensive criminal history, with approximately 1 conviction per year since he turned 21 years old. Wise argues only that the district court erred by considering the presence of fentanyl when choosing a sentence and does not explain if or why his sentence would be lower if the district court had not mentioned fentanyl. We can see nothing in the record to suggest that the district court did rely on fentanyl's presence when selecting a sentence, and ultimately, we are convinced Wise's sentence would have been the same even without the district court's alleged error. See id.

-4-

Finding no procedural error, we now consider the substantive reasonableness of Wise's sentence, applying an abuse-of-discretion standard of review. See United States v. Godfrey, 863 F.3d 1088, 1099 (8th Cir. 2017). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." Id. (citation omitted). "This is such a narrow and deferential standard that 'it will be the unusual case when we reverse a district court sentence—whether within, above, or below the applicable Guidelines range—as substantively unreasonable.'" United States v. Adams, 12 F.4th 883, 887 (8th Cir. 2021) (citation omitted). Wise contends that the district court incorrectly weighed the factors set forth by 18 U.S.C. § 3553(a), specifically arguing that the district court attributed inadequate weight to mitigating factors such as his family history and addiction.

The district court engaged in a thoughtful and thorough analysis of the § 3553(a) factors, noting Wise's role as the primary distributor in a large distribution ring; the death caused by heroin purchased from Wise; the presence of two young children in Wise's residence; Wise's failure to call 911 when a woman lost consciousness at his residence after using heroin purchased from him; the fact that Wise kept Narcan (a prescription medication used to treat narcotic overdoses) at his residence, which the district court found indicative of Wise's awareness that heroin is lethal; Wise's ten prior drug convictions and the fact that when Wise was convicted for the current offense, he was on parole for a separate drug conviction; Wise's traumatic childhood; the fact that Wise's conduct was nonviolent and did not involve firearms; Wise's significant history of substance abuse; and Wise's genuine remorse. The district court ultimately found that the aggravating facts and circumstances outweighed the mitigating facts and circumstances, the Guidelines range was inadequate, and a significant upward variance was appropriate. The district court has wide latitude to assign greater weight to some factors than others, and it did not abuse its discretion simply because it weighed the relevant factors differently than Wise would have preferred. See United States v. Nguyen, 829 F.3d

907, 926 (8th Cir. 2016). Therefore, we find Wise's sentence substantively reasonable.

## III.

Finding no error, we affirm.

_____