# United States Court of Appeals

### For the Eighth Circuit

_____

No. 21-1243

_____

United States of America

*Plaintiff - Appellee*

v.

Jaamil Demonta Owens

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau

_____

Submitted: April 14, 2022
Filed: June 28, 2022

_____

Before LOKEN, KELLY, and KOBES, Circuit Judges.

_____

KOBES, Circuit Judge.

Jaamil Owens pleaded guilty to distributing 50 grams or more of methamphetamine, 21 U.S.C. § 841. The district court[1] imposed a bottom-of-

---

[1]The Honorable Stephen R. Clark, United States District Judge for the Eastern District of Missouri.

Guidelines sentence of 87 months in prison. Owens challenges his sentence as procedurally and substantively unreasonable. We affirm.

I.

Owens moved back home to Missouri after he was laid off from his job. His older brother, the leader of a meth distribution operation, helped him pay his bills. Owens returned the favor by distributing for his brother and flying to California to deliver cash to the drug supplier. Once, he sold about a pound of meth to a confidential informant for $4,000. Another time, he was caught at the Phoenix airport bringing $51,950 to the supplier. Eventually, Owens was indicted and pleaded guilty to distributing meth.

The Presentence Report recommended a Guidelines range of 87–108 months. It also noted that the 60-month statutory minimum did not apply because Owens met the criteria for safety valve relief. The district court adopted the PSR. Defense counsel argued for a sentence as low as time served—seven days—and talked at length about mitigating factors, including Owens's lack of criminal history, significant support system, strong family ties, exemplary work history, and the detrimental effects that a significant prison sentence would have on him. The district court considered this, as well as Owens's role in distributing 441.8 grams of meth and ferrying over $51,000 in drug proceeds, his mid-tier culpability in the conspiracy, and that he was a drug user for his entire adult life. Although it found that the safety valve applied—meaning it had the discretion to sentence Owens below the 60-month statutory minimum—the district court declined to do so, imposing a sentence of 87 months in prison and 4 years of supervised release. Owens appeals, claiming that his sentence is both procedurally and substantively unreasonable.

## II.

"Procedural error includes failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *United States v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009) (en banc) (quotation omitted) (cleaned up). Where, as here, the defendant fails to object at sentencing, we review for plain error. *United States v. Wise*, 17 F.4th 785, 788 (8th Cir. 2021). Plain error is (1) error, (2) that is plain, and (3) that affects substantial rights. *Id.*

Owens first argues that the district court erred by failing to acknowledge its authority to sentence below the mandatory minimum, and by failing to explain why it did not apply the safety valve. The "safety valve" provision, 18 U.S.C. § 3553(f), allows the court to disregard an applicable statutory minimum if it finds certain criteria. Contrary to Owens's argument, the court found that the safety valve applied. But safety valve eligibility does not guarantee Owens a below-statutory minimum sentence; it just gives the court the opportunity to sentence below the minimum if it believes it is appropriate. Owens argues that the court needed to specifically explain why it decided not to impose a below-minimum sentence—beyond the usual explanation for choosing a particular sentence. But he does not cite any cases from this circuit announcing such a rule, and the out-of-circuit cases he cites do not support his argument. *See, e.g.*, *United States v. Real-Hernandez*, 90 F.3d 356, 361–62 (9th Cir. 1996) (safety valve eligibility "does not require the court to sentence a defendant to a term less than the mandatory minimum" but "[a]s in all other cases, the court must state its reasons for imposing a particular sentence"); *United States v. Feliz*, 453 F.3d 33, 36 (1st Cir. 2006) (error not to explain why defendant was *ineligible* for safety valve). The district court did not err—plainly or otherwise—in explaining why its 87-month sentence was appropriate without also explaining why a below-60-month sentence was inappropriate.

Owens next argues that the district court failed to weigh the mitigating factors—his support system, lack of prior convictions, family ties, work history, and work ethic—in its 18 U.S.C. § 3553(a) analysis. But the district court explicitly considered these exact factors, alongside other relevant non-mitigating factors.

## III.

Finally, we review the substantive reasonableness of a sentence for abuse of discretion. *United States v. Miner*, 544 F.3d 930, 932 (8th Cir. 2008). "A district court abuses its discretion when it (1) fails to consider a relevant factor that should have received significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) considers only the appropriate factors but in weighing those factors commits a clear error of judgment." *Feemster*, 572 F.3d at 461 (citation omitted). A within-Guidelines sentence like Owens's is presumptively reasonable. *United States v. Peithman*, 917 F.3d 635, 653 (8th Cir. 2019). And the court's § 3553(a) analysis was proper. It addressed aggravating factors—the large amount of meth and cash involved, Owens's history of drug use, and his mid-tier conspiracy culpability—alongside the mitigating factors. Owens argues that the district court's reference to him being "a drug user his entire adult life" improperly exaggerated his minor drug use. But the facts show that he used alcohol and marijuana daily, and had taken about five illegally-obtained Xanax pills per week since he was 22 years old. The court neither exaggerated nor harped on this fact.

## IV.

We affirm.

_____