# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-3467
_____

United States of America

*Plaintiff - Appellee*

v.

Jerome Moses Goodhouse, Jr.

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of South Dakota - Northern
_____

Submitted: June 16, 2023
Filed: August 28, 2023
_____

Before LOKEN, ERICKSON, and KOBES, Circuit Judges.
_____

KOBES, Circuit Judge.

A jury convicted Jerome Moses Goodhouse, Jr., of two counts of aggravated sexual abuse of a child and one count of witness tampering. The district court[1] sentenced him to life in prison for each sexual abuse count and 20 years for witness

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

tampering, running concurrently. Goodhouse appeals both his conviction and sentence. We affirm.

I.

Goodhouse sexually abused C.M. and E.A.H. in his mother's basement on separate occasions. L.M., the legal guardian of C.M. and E.A.H. and sister of Goodhouse's mother, often brought the two children to the house for visits. In 2017, Goodhouse wrapped his arms around C.M.'s neck, making it difficult for her to breathe, touched her breasts and vagina beneath her clothes, and inserted his fingers into her vagina. He released her several minutes later and told her not to tell anyone. C.M. was 12 years old; Goodhouse was 25. Around 2017 or 2018, E.A.H. was playing by herself in the basement when Goodhouse came downstairs, kissed her, touched her chest, and made her touch his penis. He then made her perform oral sex on him before penetrating her anus with his penis. E.A.H. was between 9 and 11 years old, and Goodhouse was between 24 and 26.

At trial, the jury heard testimony from C.M., E.A.H., L.M., and a forensic examiner. The Government introduced evidence, over objection, of Goodhouse's prior conviction from 2016 of abusive sexual contact of a person incapable of consent. Goodhouse moved for judgment of acquittal, which the district court denied, and was convicted of two counts of aggravated sexual abuse of a child and one count of witness tampering. The district court sentenced him to life in prison for each sexual abuse count and 20 years for witness tampering, running concurrently.

On appeal, Goodhouse alleges insufficient evidence to support the verdict, improper joinder of charges, improper introduction of evidence of his prior conviction, and procedural and substantive sentencing errors.

II.

Goodhouse argues that the district court erred in denying his motion for judgment of acquittal. We review *de novo*, viewing the evidence in the light most favorable to the verdict. *See United States v. Paris*, 816 F.3d 1037, 1038–39 (8th Cir. 2016).

Rather than focusing on the elements of aggravated sexual abuse of a child and witness tampering, Goodhouse argues that the testimonies of C.M. and E.A.H. are inconsistent and uncorroborated.[2] He notes that (1) C.M. claimed he sexually abused her when she was 11 years old but later testified that it occurred when she was 13; (2) C.M. testified that he inserted his fingers in her vagina rather than touching it, as she reported during the forensic interview; (3) E.A.H. denied sexual abuse when questioned in 2019 but later disclosed sexual abuse in a forensic interview in 2021; and (4) E.A.H. testified that he forced her to perform oral sex even though she did not disclose that during the forensic interview.

Goodhouse maintains that these inconsistencies are too significant for any reasonable juror to find him guilty beyond a reasonable doubt. But "[a] jury's credibility determinations are well-nigh unreviewable on appeal, even when the standard of proof is beyond a reasonable doubt." *United States v. Johnson*, 39 F.4th 1047, 1052 (8th Cir. 2022) (citation omitted). And "[e]ven in the face of inconsistent evidence, a victim's testimony alone can be sufficient to support a guilty verdict." *United States v. Seibel*, 712 F.3d 1229, 1237 (8th Cir. 2013) (citation omitted). We only disturb the verdict "in extreme circumstances, such as when the witness testified to facts that are physically impossible." *Johnson*, 39 F.4th at 1052 (citation omitted). Minor inconsistencies, like those identified by Goodhouse, "do not warrant acquittal because it was within the jury's province, as the finder of fact, to

---

[2]The testimonies of C.M. and E.A.H. do not require corroboration. *See United States v. DeCoteau*, 630 F.3d 1091, 1097 (8th Cir. 2011) ("[A] victim's testimony alone can be sufficient to prove aggravated sexual abuse.").

resolve these inconsistencies and to accord what weight it desired to the testimony." *United States v. Bradley*, 643 F.3d 1121, 1126 (8th Cir. 2011).

Viewed in the light most favorable to the verdict, the evidence was sufficient to support Goodhouse's convictions of aggravated sexual abuse and witness tampering, so the district court did not err in denying the motion for judgment of acquittal.

III.

Goodhouse argues that the charges relating to C.M. and E.A.H. were improperly joined under Rule 8 and, in the alternative, that the failure to sever the joined charges under Rule 14 was prejudicial.

"We review de novo the question of whether charges can be joined together." *United States v. Garrett*, 648 F.3d 618, 625 (8th Cir. 2011). "Under Rule 8, multiple counts can be charged in a single indictment as long as the offenses are (1) of the same or similar character; (2) based on the same act or transaction; or (3) constitute parts of a common scheme or plan." *Id.* (*citing* Fed. R. Crim. P. 8(a)).

Goodhouse argues that, because the sexual abuses of C.M. and E.A.H. involved different methods of penetration, victims of different ages, and different occurrences, the charges were improperly joined. But the victims do not have to be the same age. *See United States v. Tyndall*, 263 F.3d 848, 849–50 (8th Cir. 2001) (affirming joinder for two similar counts of attempted aggravated sexual abuse— one involving a 13-year-old victim and the other a 67-year-old victim). Nor do the offenses have to occur at the same time. *See United States v. Hastings*, 577 F.2d 38, 40 (8th Cir. 1978) (affirming joinder for two offenses separated by a two-year period); *United States v. Rodgers*, 732 F.2d 625, 629 (8th Cir. 1984) (same for a 20-month period). And "[t]he rules are to be liberally construed in favor of joinder." *Garrett*, 648 F.3d at 625 (citation omitted).

Joinder was proper because the offenses are of a similar character. "In applying the same or similar character standard, we have found joinder of offenses to be proper when the two counts refer to the same type of offenses occurring over a relatively short period of time, and the evidence as to each count overlaps." *United States v. Robaina*, 39 F.3d 858, 861 (8th Cir. 1994) (citation omitted). Here, each offense involved Goodhouse sexually abusing minor children in the same basement sometime in 2017 or 2018. Each offense implicated the same evidence: Goodhouse's prior conviction and the testimonies of C.M., E.A.H., L.M., and the forensic examiner.

In the alternative, Goodhouse argues that he was prejudiced by the district court's failure to sever. The district court has discretion to sever joined charges if joinder "appears to prejudice a defendant." Fed. R. Crim. P. 14(a).[3] A defendant is prejudiced when "deprived of an appreciable chance for an acquittal, a chance that the defendant would have had in a severed trial." *Garrett*, 648 F.3d at 625–26 (cleaned up). Goodhouse bears the burden of establishing prejudice. *See id.* at 626.

Goodhouse argues that the jury considered the testimonies of C.M. and E.A.H. collectively, which nullified the effects of each victim's alleged testimonial inconsistencies. But "a defendant does not suffer any undue prejudice by a joint trial if the evidence is such that one crime would be probative and admissible at the defendant's separate trial of the other crime." *United States v. Little Dog*, 398 F.3d 1032, 1037 (8th Cir. 2005) (citation omitted); *see Tyndall*, 263 F.3d at 850–51 (affirming denial of motion to sever two attempted aggravated sexual abuse charges

---

[3]Goodhouse failed to renew his motion to sever at the close of the Government's case. "We acknowledge what appears to be a split in authority on the appropriate standard of review when a defendant moves to sever the counts during a pretrial hearing, but fails to renew the motion at the close of the government's case in chief or at the close of the evidence." *Garrett*, 648 F.3d at 625 n.5. "Reviewing for either plain error or for an abuse of discretion, the outcome in this case remains the same." *Id.*

because "the evidence of the later incident was admissible in the trial involving the earlier one").

Evidence of each of Goodhouse's offenses would have been admissible in a trial for the other. *See* Fed. R. Evid. 413(a) ("In a criminal case in which a defendant is accused of a sexual assault, the court may admit evidence that the defendant committed any other sexual assault. The evidence may be considered on any matter to which it is relevant."); *United States v. Keys*, 918 F.3d 982, 986 (8th Cir. 2019) ("A prior sexual assault is relevant to a charged offense if it is committed in a manner similar to the charged offense." (citation omitted)).

Similar in character, the offenses involved related acts, locations, time periods, and evidence. The district court did not abuse its discretion—or plainly err—by denying the motion to sever.

IV.

Goodhouse argues that the district court abused its discretion by allowing the Government to introduce evidence of his prior conviction for sexual assault. *See United States v. Johnson*, 860 F.3d 1133, 1139 (8th Cir. 2017) (standard of review); Fed. R. Evid. 403. "We will reverse only when an improper evidentiary ruling affected the defendant's substantial rights or had more than a slight influence on the verdict." *Johnson*, 860 F.3d at 1139 (citation omitted).

Where a "defendant is accused of sexual assault, evidence of a prior sexual assault is generally admissible . . . unless its probative value is substantially outweighed by," as relevant here, "the danger of unfair prejudice." *United States v. Weber*, 987 F.3d 789, 793 (8th Cir. 2021) (citation omitted). "To constitute unfair prejudice, the evidence must create an undue tendency to suggest decision on an improper basis." *Id.* (citation omitted). But evidence is not unfairly prejudicial merely because it is unfavorable. *See United States v. Henderson*, 416 F.3d 686, 693 (8th Cir. 2005).

Goodhouse's prior sexual assault conviction was admissible because it was "committed in a manner similar to the charged offense[s]." *Keys*, 918 F.3d at 986 (citation omitted). It occurred in the same city within a year of these charges and involved Goodhouse touching the breasts and genitals of a female incapable of consenting. The district court provided a limiting instruction that the prior conviction was not offered to establish Goodhouse's guilt of the crimes against C.M. and E.A.H. *See United States v. Crawford*, 413 F.3d 873, 876 (8th Cir. 2005) ("Limiting instructions decrease the danger of unfair prejudice."). Though unfavorable, evidence of the prior conviction was not unfairly prejudicial.

The district court did not abuse its discretion by allowing the Government to introduce evidence of Goodhouse's prior conviction for sexual assault.

V.

Finally, Goodhouse challenges his sentence on procedural and substantive grounds. We first determine whether the district court committed any significant procedural error and then whether the sentence was substantively reasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

Goodhouse argues that the district court procedurally erred by failing to consider the § 3553(a) factors. *See United States v. Godfrey*, 863 F.3d 1088, 1094–95 (8th Cir. 2017). Because Goodhouse did not object to this alleged error during sentencing, we review for plain error. *See id.* at 1098; *United States v. Maxwell*, 664 F.3d 240, 246 (8th Cir. 2011).

"[T]here is no requirement that the district court recite every section 3553(a) factor." *United States v. Bryant*, 606 F.3d 912, 919 (8th Cir. 2010). All that is required is evidence of the district court's awareness of the relevant factors. *See United States v. Bevins*, 848 F.3d 835, 840 (8th Cir. 2017). The district court expressly acknowledged that it "must consider those statutory factors in any given case" and discussed Goodhouse's criminal history, risk to public safety, and effect

on the victims. *See* Sentencing Tr. 14. The district court also listened to Goodhouse's arguments at the sentencing hearing. *See United States v. Johnson*, 619 F.3d 910, 922 (8th Cir. 2010) ("[T]he district court was aware of [defendant's] arguments, and we therefore presume that the district court considered and rejected them.").

Absent procedural error, we turn to Goodhouse's claims that the sentence was substantively unreasonable. We review the substantive reasonableness of the sentence for an abuse of discretion. *See Gall*, 552 U.S. at 51. Because Goodhouse's sentence is within the Guidelines range, we may presume it is reasonable. *See United States v. Perkins*, 526 F.3d 1107, 1110 (8th Cir. 2008).

Goodhouse argues that the district court failed to consider that the offenses occurred before his prior conviction and that serving his sentence for the prior conviction rehabilitated him. But because Goodhouse presented these arguments at sentencing, we presume the district court considered and rejected them. *See Johnson*, 619 F.3d at 922; *United States v. Keating*, 579 F.3d 891, 893 (8th Cir. 2009); *see also United States v. Moua*, 895 F.3d 556, 560 (8th Cir. 2018) ("The district court has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." (citation omitted)).

VI.

The judgment is affirmed.

_____

-8-