# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-2749
_____

United States of America

*Plaintiff - Appellee*

v.

Jason Lathe Hutchinson

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of North Dakota - Western
_____

Submitted: January 12, 2026
Filed: June 4, 2026
[Unpublished]
_____

Before SHEPHERD, KELLY, and STRAS, Circuit Judges.
_____

PER CURIAM.

Jason Hutchinson pleaded guilty to multiple child exploitation charges. He appeals, asserting the district court improperly relied on disputed factual allegations in determining his sentence. We agree.

## I.

In May 2024, Jason Hutchinson pleaded guilty to an 11-count Information, each count charging him with child sexual exploitation or attempted child sexual exploitation in violation of 18 U.S.C. § 2251(a), (e). In the Plea Agreement, the government agreed to cap its sentencing recommendation at 405 months, and Hutchinson was free to request a sentence as low as the statutory minimum of 180 months. At sentencing, neither party objected to calculation of the advisory Guidelines range, but Hutchinson lodged objections to paragraphs 103–105 of the Presentence Report. These paragraphs contained allegations that he had engaged in forcible sexual conduct with a 10-year-old boy. The district court overruled the objection and imposed an aggregate 450-month sentence of imprisonment with a lifetime term of supervised release to follow.

## II.

On appeal, Hutchinson contends the district court erred when it considered unproven, objected-to factual allegations in the PSR at sentencing. "A district court commits procedural error when it 'bas[es] a sentence on unproven, disputed allegations rather than facts.'" United States v. Dailey, 113 F.4th 850, 855 (8th Cir. 2024) (alteration in original) (quoting United States v. Richey, 758 F.3d 999, 1002 (8th Cir. 2014)). Hutchinson objected to three specific paragraphs in the draft PSR, and he renewed his objection at sentencing. The government responded by telling the court that the information should remain in the PSR, but it did not offer any evidence to prove the allegations.

Confronted with Hutchinson's objection, and without evidence to support the disputed allegations, the district court had several options. It could, of course, sustain the objection. See United States v. Willis, 168 F.4th 1119, 1122 (8th Cir. 2026) ("A district court may not rely on objected-to portions of the PSR during sentencing unless the government presents evidence to prove the disputed facts." (citing Richey, 758 F.3d at 1002)). Or it could state on the record that a ruling on the objection is

unnecessary, or that it would not consider the objected-to allegations in determining a sentence. See Fed. R. Crim. P. 32(i)(3)(B) ("At sentencing, the court: [] must—for any disputed portion of the presentence report or other controverted matter—rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing[.]"). But if a defendant objects—as Hutchinson did here—the court may not rely on the PSR as evidence to overrule the objection. See United States v. Sam, 170 F.4th 670, 673 (8th Cir. 2026) ("[The] PSR is not evidence and not a legally sufficient basis for findings on contested issues of material fact." (quoting United States v. Cottrell, 853 F.3d 459, 463 (8th Cir. 2017))).

The government agrees a district court may not rely on unproven facts at sentencing, and it does not meaningfully contest Hutchinson's characterization of the information in paragraphs 103–105 as unproven. It does, however, assert that any error is harmless.  To prevail, it has the "burden to show that the sentence would have been the same" without the error. United States v. Wise, 17 F.4th 785, 789 (8th Cir. 2021).

The disputed allegations were not used to calculate Hutchinson's Guidelines range, but that fact is not dispositive of our harmless error analysis. The conduct underlying Hutchinson's convictions was that he installed hidden cameras to videotape minors in bathrooms over the course of approximately 30 years. None of the charges—and none of the unobjected-to facts in the PSR—alleged that Hutchinson engaged, or attempted to engage, in physical sexual conduct with any minor. In this way, the allegations in paragraphs 103–105 were of a different, and arguably more egregious, nature. Indeed, the government expressly relied on them in support of its requested sentence, referring to the "hands-on offense against that child" as "[o]n top of" the facts underlying the charges and the unobjected-to facts in the PSR.

The district court did not specifically mention the allegations when explaining its sentence, but the government urged that the conduct was "relevant" and "should

be available to the [c]ourt to consider at the time of sentencing." In overruling Hutchinson's objection, the court reasoned that the allegations "should be included in the [PSR]" because they were in the "discovery material" and "consistent with grooming that would typically occur" in this type of case. And before imposing sentence, the court assured the parties that it had considered the "entire file" and "the statements from counsel." We may presume that the district court considered the objected-to allegations and the government's arguments about their relevance in sentencing Hutchinson. See United States v. Keating, 579 F.3d 891, 893 (8th Cir. 2009) ("[W]here the district court heard argument from counsel about specific § 3553(a) factors, we may presume that the court considered those factors." (citation omitted)); United States v. Goodhouse, 81 F.4th 786, 793 (8th Cir. 2023) (presuming the district court considered the arguments presented at sentencing).

"An error is harmless only if we are convinced that the error did not affect the district court's sentencing conclusion." United States v. Wise, 17 F.4th 785, 789 (8th Cir. 2021) (quoting United States v. Moody, 930 F.3d 991, 993 (8th Cir. 2019)). On this record, we are not so convinced.

## III.

We vacate Hutchinson's sentence and remand for resentencing without consideration of the objected-to allegations in the PSR.

_____